## Hollingsworth's Appeal.

1. A testator gave all his estate to his wife, and if he should leave any children living at his death, he appointed his wife guardian of such children during their minority, committing entirely "to her affection, judgment and discretion, their maintenance, education and future provision; and *which guardianship I intend and consider as a suitable and proper provision for such child or children;*" he had no children at the date of the will, but two were born afterwards. *Held,* that he died intestate as to the children.

2. *Held,* further, that the appointment of the wife as testamentary guardian was not revoked by the birth of the children.

APPEAL from the Orphans' Court of *Philadelphia,* by Caroline N. Hollingsworth, in the estate of William W. Hollingsworth, deceased.

Charles Wharton, by a codicil to his will, reciting that by his will he had given the income of portions of his estate for the separate use of his daughters, Sarah R. Craig and Hannah Hollingsworth, altered that provision, and directed that in the event of the death of either of his daughters, leaving her husband surviv-

[Hollingsworth's Appeal.]

ing, the trustees appointed in his will should pay to such husband one-half said income during his life, and the other half to the guardian of his daughter's children if minors, or to themselves if of age, or when they arrived at age; with further provision for the children on the death of the husband. William Biddle is now the trustee, in place of those named in the will. William W. Hollingsworth was a son of Hannah Hollingsworth, who is dead, leaving her husband still surviving her.

W. W. Hollingsworth left a will, dated June 17th 1857, and died leaving two children, the elder born nine days after the date of the will.

By his will he provided as follows:—

"Item.—I give and bequeath all my goods and chattels, rights and credit, and personal property of every description and wherever situated (after the payment of my debts as aforesaid), to my beloved wife, Caroline N. Hollingsworth. Item.—I give and devise all my lands, tenements and real estate of every description and wherever situated, to my said wife, Caroline N. Hollingsworth, her heirs and assigns, for ever in fee. Item.—In case I shall leave any child or children living at the time of my decease, I do hereby constitute and appoint my said wife, Caroline N. Hollingsworth, to be the guardian of such child or children during their minority, committing entirely and fully to her affection, judgment and discretion, their maintenance, education and future provision, and which guardianship I intend and consider as a suitable and proper provision for such child or children."

The trustee has in his hands money arising from the income aforesaid, which would be payable under Charles Wharton's will to W. W. Hollingsworth, if he were living. Caroline N. Hollingsworth petitioned the Orphans' Court to direct the trustee to pay to " her the moneys now in hand as aforesaid, and such other moneys as may hereafter accrue in like manner," &c.

The Orphans' Court refused the petition, " so far as the trustee is called on to transfer to the petitioner in her own right, and Caroline N. Hollingsworth appointed guardian, *ad litem;* security $1000."

This was assigned for error.

*T. Cuyler*, for appellant.—The Act of April 8th 1833, § 15, provides that a person who shall have a child born after making his will, " *not provided for in such will*," shall as to such child be deemed to die intestate, &c. The provision in the Act of February 4th 1748-9 (Miller's Laws 22), was for after-born children " *not named in any such will;*" in the Act of March 23d 1764 (Hall & Sellers 307), and Act of April 19th 1794 (3 Sm. Laws 152), " not *provided for* in any such will."

This case is distinguishable from Pennock's Estate, 8 Harris

268 (overruling Coates's Appeal, 2 Barr 129, and Meconkey's Appeal, 1 Harris 253), and Walker *v.* Hall, 10 Casey 483. Here is actual provision made for after-born children. The provision was, leaving a small estate to be applied under the judgment of a discreet and affectionate mother.

The testator declares that this he " considers as a suitable and proper provision for such child or children." The statute requires *a* provision; the extent is for the exercise of the testator's judgment. In Walker *v.* Hall no provision at all was made for the child.

*H. Wharton,* for appellee.—The trustee desires to pay the money to whomsoever is entitled to receive it. It is a question, too, whether, if the appellant is not entitled to the fund in her own right, she may not receive it as testamentary guardian.

Walker *v.* Hall rules that there should be a *substantial* provision made for such children. The gift to his wife of all his estate in this will necessarily excludes the children. The mere appointment of his wife as guardian was nothing, for he gave no estate to them. The " committing entirely to her affection," &c., was not a trust, as has been suggested; that would not be a practical provision for them; it could not be enforced in equity: Pennock's Estate, 8 Harris 268; Hill on Trustees *71 *et seq.*; Webb *v.* Woods, 2 Sim. N. S. 267.

The appointment of a testamentary guardian is ineffectual. Coates *v.* Hughes, 3 Binn. 498, held the birth of a posthumous child did not revoke the appointment of executors, or a power of sale to them: that related only to the administration of the estate; this relates to the persons and property of the children.

The opinion of the court was delivered, March 13th 1866, by

READ, J.—This case is ruled by Walker *v.* Hall, 10 Casey 483, and it is unnecessary to repeat the reasons for the opinion there expressed.

William W. Hollingsworth, by his will, gave all his estate real and personal to his wife Caroline, the appellant, and then followed the clause : " Item.—In case I shall leave any child or children living at the time of my decease, I do hereby constitute and appoint my said wife, Caroline N. Hollingsworth, to be the guardian of such child or children during their minority, committing entirely and fully to her affection, judgment and discretion, their maintenance, education and future provision, and which guardianship I' intend and consider as a suitable and proper provision for such child or children ;" and he appointed his wife his executrix.

The testator left, living at his decease, two after-born children by his wife, one of them being born nine days after making his will.

This is clearly no provision for his children, such as is contemplated by our Wills Act, and the whole policy of the law.

The testator, therefore, so far as regarded his two after-born children, died intestate, and they became "entitled to such purparts, shares and dividends of the estate real and personal of the deceased, as if he had actually died without any will." This gives the children two-thirds of the personalty absolutely, and the real estate in fee simple, subject to the life estate of their mother in one-third of it.

But the rest of the will is not revoked. The widow is the executrix, and I see no reason on the principle of a revocation, *pro tanto*, why she should not be the testamentary guardian of the children.

By the statute of 12 Charles 2, ch. 24 (1660), the father is empowered by deed or will to dispose of the custody of his children. The 8th and 9th sections of this statute are extended to this state, being reported by the judges to be in force here. The authorities upon the construction of this statute are to be found in Roberts' Digest, p. 312, and in the 2d volume, p. 829, of Chitty's collection of all the statutes of practical utility, by Welsby and Beavan, 3d edition, under the title "Infants."

In the leading case, Ex parte the Earl of Ilchester, 7 Ves. J. 348, decided by Lord Eldon, assisted by Sir William Grant, Master of the Rolls, and Lord Alvanley, Lord Chief Justice of the Court of Common Pleas, it was held that a testator married, but not then having children, having given the guardianship of all his children, born and to be born, such guardianship extended to all the children by that or a future marriage.

As this will merely appoints the mother the guardian of her children, there is nothing incompatible with that provision of the Wills Act which secures to the children their share of the real and personal estate of their father, and therefore this portion of the will is not revoked, and the mother remains the guardian of her children.

> Decree affirmed, so far as trustee is called on to transfer to petitioner in her own right, and the record is remitted for the Orphans' Court to proceed in conformity to the above decision.

STRONG, J., was absent at Nisi Prius.