# Haberman's Appeal.

1. An executor filed an account charging himself with a certain sum as a credit on a claim of the estate which he omitted to insert into the account; no exceptions being filed, the same was confirmed. Subsequently the executor filed a further account to which exceptions were filed on the ground that the accountant had again omitted the claim above mentioned. Accountant then brought forward the charge in the first account as a credit on the said claim. *Held*, that it was the duty of the court to inquire whether or not this should be allowed and that such action did not amount to an opening of the former account.

2. An executor cannot be allowed to speculate or trade with the money or goods of the estate; if he does, he must account for the profits he may realize therefrom.

3. An executor sold certain goods belonging to his decedent's estate and took a judgment note for the purchase money. Subsequently he entered up the judgment note, issued execution thereon, levied upon the goods, sold the same, became himself the purchaser at the sale and afterwards resold at a profit. The executor having filed his account,

exceptions were filed thereto on the ground that he had failed to charge himself with the proceeds of the goods. The executor as against this charge claimed credit for the profits realized by him on the resale. *Held*, that he was not entitled to said credit and that he must account for said profits to the estate.

October 16th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

APPEAL from the Orphans' Court of *Allegheny county :* Of October Term 1882, No. 17.

This was an appeal by Peter Haberman from a decree of said court surcharging him with a certain sum of money upon the audit of his third account as executor of Gertrude Zweindinger deceased.

The facts of the case were as follows : Gertrude Zweidinger in her lifetime was engaged in the business of selling music and musical instruments. She was assisted in her business by her minor son one John Zweidinger. In August 1874, the said Gertrude Zweidinger died leaving a will wherein and whereby she nominated Peter Haberman as her executor. Haberman had the goods in the decedent's store appraised at $13,757.84, and subsequently sold the same at the appraised value to decedent's son who was about twenty years of age, and desirous of carrying on the business. Zweidinger did not pay Haberman for the stock, but the latter took as security a mortgage for $3,000 on the property of one Weiland.

When Zweidinger came of age he gave to Haberman a judgment note for the appraised value of the stock, viz., $13,757.84, and also from time to time assigned to him leases, notes and other property from which Haberman realized $14,460.61. Zweidinger also paid to Haberman in cash $2,700. The first account of Haberman as executor was filed in December 1875, wherein he charged himself with the appraised value of the stock, and also claimed credit for the same as not yet collected. This account was duly confirmed and a partial distribution then made.

In 1876 Haberman entered up his judgment note against Zweidinger, issued execution thereon and sold the stock in the defendant's store. He himself became the purchaser for the price or sum of $2,154.77, and continued the business for some time. Finally he sold out the stock to Weiland for $2,500 in cash and further agreed to satisfy the mortgage on Weiland's property held by him.

In 1877 Haberman filed his second account, wherein he omitted altogether to charge himself with the appraised value of decedent's stock, but charged himself with the sum of $5,400 " realized out of stock in store ;" no exceptions were filed to this

[Haberman's Appeal.]

account and the same was in due course confirmed and a partial distribution made in accordance therewith. In 1880 Haberman filed a third account wherein he did not charge himself with the original appraised value of the stock. The account showed that the accountant was indebted in the sum of $1,062.67 to the estate.

Exceptions were filed to this account by one Von Minden a creditor of decedent's estate on the ground, inter alia, that accountant had failed to charge himself with the proceeds of the sale of the stock in the store.

On the audit, before HAWKINS, P. J., the accountant claimed that all securities assigned and sums paid to him by Zweidinger were generally on account of all indebtedness due by him. He claimed the right therefore, to apply said securities and sums in payment of certain individual indebtedness due him by Zweidinger. Accountant also claimed credit for the profit made by him upon the resale of the goods, viz: the difference between $5,400 and the amount of his bid, about $3,179.

The court, however, was of opinion that the estate should be preferred in the application of the moneys and securities paid by Zweidinger, and that the accountant could not be allowed to apply the same to his individual indebtedness. He was also of opinion that the accountant was not entitled to a credit for the amount of the profits realized by him on the resale of the goods but that said sum belonged to the estate and must be accounted for by accountant. He therefore surcharged the accountant in the sum of $16,717.47.

Exceptions were filed by the accountant on the grounds: (1) That the surcharge should be reduced from $16,717.47 to $12,665.94. (2) That the surcharge was made by going behind the second account, which had been already approved by the court.

The court subsequently entered a decree dismissing the exceptions, whereupon accountant took this appeal, assigning for error the decree of the court.

*H. Burgwin* (with whom was *G. C. Burgwin*), for the appellant.

*W. S. Purviance* (with whom were *Breil* and *Fitzpatrick*), for the appellee.

Mr. Justice GORDON delivered the opinion of the court, November 20th 1882.

From the records of this case, which, we are obliged to say, are not as full and perfect as they might have been, we gather the following:—Peter Haberman, the appellant, as executor of

Mrs. Gertrude Zweidinger, found himself in possession of the stock in trade of a musical establishment, which had been conducted by the testatrix, during her life, with the aid of her minor son, John C. Zweidinger.   This stock was inventoried at the sum of $13,757.84 and was turned over at that price to this minor son.   The executor seems at that time to have taken no security for the goods thus disposed of, but a mortgage of one Weiland, which he afterwards, in a trade of his own with Weiland, satisfied.   But subsequently, when John C. Zweidinger came of age, Haberman took from him a judgment note in amount equal to the inventory as above stated.   He also, as it appears, received from him assignments of leases, notes, &c., on which he realized some $14,460.   In addition to this he received in cash, from Zweidinger, some $2,700.   It is thus apparent that the executor had, from time to time, in his possession, money enough, and more than enough, to have paid the claim of the estate in full, and had he acted faithfully, and discharged his trust as he ought to have discharged it, he would have delivered himself from the troubles which now beset him.   But in the meantime he allowed Zweidinger to become largely indebted to himself, and upon this indebtedness he applied all the moneys which he had received.   So it was, that in March 1876, when Zweidinger's creditors began to press him, the debt of the estate was not paid. Under the pressure of these circumstances, Haberman caused an execution to be issued upon the judgment which he held for the estate, had a levy made upon, and sale of, Zweidinger's goods, and bid them in for $2,220.15.

Upon resale these same goods brought him $5,400, and for this amount, in his second account, he charges himself as " realized out of stock in store."   But it is remarkable that in this second account he omits to charge himself with the Zweidinger claim, which, in the previous account, he had credited as uncollected.   There is also another remarkable circumstance in this transaction : that is, whilst in the present, or third account, the appellant exhibits a balance against himself of but $1,062.67, his counsel admits that he is properly surchargeable with $12,665.94; and this seems to arise from the fact, that he again, in his third account, omits the Zweidinger claim.   For this strange condition of affairs there may be, and perhaps is, some explanation consistent with the integrity of the executor, but if there is such an explanation we have not heard it.   Complaint is made that the Orphans' Court opened the second account for the purpose of surcharging the accountant with the profits made on the goods purchased at the sheriff's sale.   But we cannot see that it did anything of the kind.   The appellant brought forward the $5,400 charge in the second account as a credit on the uncharged Zweidinger claim.   It thus became the duty of the

court to inquire whether or not this demand should be allowed. But of this, the amount of the bid at the sheriff's sale, whilst it was properly a credit on the judgment against Zweidinger, was certainly not a credit to the executor, for he did not pay over this bid to the estate, but it simply remained in his hands in the shape of goods belonging to the trust for which he was acting.

He, however, contends most earnestly, that, for the profit upon the resale of these goods, the difference between $5,400, and the amount of the bid, some $3179, he ought to have credit. But by what means does he become entitled to such a credit? There is no doubt but that the goods thus bought belonged to the estate ; as we have said, he did not pay for them ; how then can he claim the benefit of the proceeds? A trustee cannot thus be allowed to speculate or trade with the money or goods of the estate ; if he does, he must account for the profits which he may realize therefrom : Frank's Ap., 9 P. F. S. 190 ; Hermstead's Ap., 10 P. F. S. 423 ; Robinett's Appeal, 12 Ca. 174 ; Norris's Ap., 21 P. F. S. 106. It is in effect, the servant setting up a claim to the proceeds of his master's goods.

But it is claimed that as he is surcharged with the whole of the Zweidinger debt he ought to be entitled to this credit. We cannot understand how this proposition can be sustained, for the fact remains that the goods out of which this profit was realized, were the goods of the estate, and when they were turned into money, that belonged to the estate as much as did the chattels from which it was made.

We cannot, therefore, see how the court below could have done other than it did, or that it surcharged the accountant with anything that did not fairly belong to the trust of which he had charge.

> The appeal is dismissed and decree affirmed at costs of appellant.