# Baker's Estate.

*Wills—Codicils—Lost will—Probate of early will—Codicil to lost will.*

1. A codicil shown to have been made to a will, the contents of which are unknown, and which is neither produced nor accounted for, may not be engrafted on an earlier will, and probated as part thereof, in the absence of evidence from which an inference can be drawn that such codicil was intended by the testatrix to be associated with the earlier will.

2. A testatrix executed two wills on different dates, and thereafter a codicil to the later will. The later will could not be found after testatrix's death, and the earlier will and the codicil to the later will were admitted to probate. So much of the decree of the register of wills as admitted to probate the earlier will was not appealed from, but the validity of the codicil was questioned. *Held*, that the codicil to the later will, though disposing of the entire estate, could not be probated as testatrix's will, the existence of another testamentary paper as the will of the testatrix having been established by a decree which was not appealed from, and the codicil could not be probated as a codicil to the earlier will, in the absence of evidence that the testatrix intended the instruments to be associated as her will.

Argued Jan. 6, 1914. Appeal, No. 140, Jan. T., 1913, by John E. Baker and Jennie McCullough, from decree of O. C. Philadelphia Co., Oct. T., 1911, No. 46, dismissing appeal from decree of the Register of Wills in Estate of Emily L. Baker, Deceased. Before FELL, C.

J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from decree of the Register of Wills, admitting to probate a paper alleged to be a codicil to the will of Emily L. Baker, Deceased. Before ANDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the appeal.

*Error assigned* was the decree of the court.

*Joseph W. Kenworthy,* with him *Joseph B. Thomas,* and *Thomas J. Norris,* for appellants.

*Byron Hancock,* with him *Joseph P. Bartilucci,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 9, 1914:

The appeal is from a decree of the Orphans' Court of Philadelphia County dismissing an appeal from the decision of the register of wills admitting to probate a certain paper as a codicil to the last will and testament of Emily J. Baker, deceased. Emily J. Baker died 10th June, 1910. There was produced before the register what purported to be a last will of the testatrix executed 13th December, 1892, which was duly probated; at the same time another separate instrument duly executed by this testatrix bearing date 18th March, 1910, purporting to be a codicil to testatrix's last will and testament was offered for probate. Both will and codicil were probated. From the adjudication with respect to the will of 13th December, 1892, no appeal has been taken. The controversy relates exclusively to the codicil, the contention of the appellants being that this instrument was not established as a codicil to the will which had been propounded and probated. With a view to expediting the trial of the appeal from the register's decision admitting the codicil to probate as part of the

will of 1892, it was agreed in writing by all the parties in interest that the following should be taken as established facts in the case: "That the said testatrix made, published and declared a certain writing as and for her last will and testament on the 13th day of December, 1892, a true copy of which appears in the proceedings in this case. That the said paper writing was found, after the death of the testatrix, in a certain deposit box rented by the said testatrix in the vaults of the West Jersey Trust Company of Camden, N. J. That the said testatrix, subsequent to December 13, 1892, and prior to the 18th day of March, 1910, made, published and declared a certain writing as and for her last will and testament, but which writing has not been produced nor found although diligent search has been made therefor, and was not among any of the papers of the said testatrix. That on or about the 18th day of March, 1910, the said testatrix executed a certain paper writing as and for a codicil to that certain will named in paragraph 4 of this agreement, a true copy of which paper writing appears in the proceedings in this case."

We have then the fact of a will executed 13th December, 1892, which has been duly probated; the further fact that subsequent to the execution of this will, and prior to 18th March, 1910, testatrix executed another will which has been either lost or destroyed; and the additional fact that on 18th March, 1910, testatrix executed the codicil in controversy. Confining our attention to what appears within the four corners of the codicil as written, it is quite evident that when originally executed this paper was intended not as a codicil to the will of 1892, but to a will subsequently written and not now produced. The reference in the codicil shows this unmistakably; for instance—in the will of 1892, now probated, testatrix's son, John E. Baker, is appointed sole executor; in the codicil this appears, "I nominate and appoint respectively as my executrix and executor of my will, Emily Tole and Squire Schmidt

mentioned as my executor in the will to which this is a codicil." This reference necessarily associates the codicil with some will other than that of 1892. That there was another and later will than this latter is beyond question. It is a fact agreed to by all the parties in interest; and aside from this, it is made clear beyond all dispute by the testimony of the scrivener who prepared the codicil. This witness testifies that the testatrix told him when directing him as to the changes she proposed making by the codicil she wished him to prepare, that she had two wills, and that she wanted to change the last one, the one that was in the possession of Squire Schmidt and which appointed Squire Schmidt executor, and that among other changes she wanted to insert with Squire Schmidt as executor her daughter as executrix. The later of the two wills, the one not produced, was then the will which testatrix intended to supplement by the codicil. It does not concern us to inquire with regard to the disappearance of this will, whether it was lost or whether it was destroyed by the testatrix animo revocandi. The will of 13th December, 1892, has been probated as testatrix's last will and testament; that adjudication has remained unappealed from for more than three years, and the end of the controversy as to it has been reached. It could not be superseded by the last will if recovered: Cochran v. Young, 104 Pa. 333. For like reason it is unimportant to inquire whether from the facts connected with the disappearance of the later will the presumption arises that it was destroyed by testatrix animo revocandi. That will is wholly out of the case as an operative instrument, and this being so we have to deal with the single proposition that a codicil shown to have been made to a later will, whose contents are unknown and which is neither produced nor accounted for, may be engrafted on an earlier will and probated as part thereof; and this in entire absence of any evidence whatever from which an inference can possibly be drawn that testatrix intended any such

thing. No argument is advanced in support of the proposition as we have stated it. Nevertheless, we have stated it correctly. The codicil was propounded in connection with the will of 1892 as a codicil thereto, and was so admitted to probate. Now this instrument is either a codicil to that will, or it was an independent testamentary act, one or the other; it could not be both. It might have been contended with much force that it was the latter, and was entitled to probate as a last will, on the ground that it makes a disposition of the testatrix's entire estate, and therefore capable of subsisting independently of the last will; but it was not so propounded or probated. If it was a last will, self-sustaining, then the will of 13th December, 1892, was not a last will and should not have been admitted to probate; but it has been probated, an adjudication unappealed from. In support of the decree it is urged that the codicil does not fall because presumably the testatrix destroyed the will to which it was a codicil animo revocandi, and presumably by retaining the codicil she intended that it should become operative. The one sufficient answer is that this may be so, and admitting it to be true, it does not establish a right to engraft this codicil upon any other will than that which was in the mind of the testatrix when she made it, however clearly it might support the right to have it probated as a last will, depending on its independent sufficiency. With this latter we have however no concern, since the appeal is simply from a decree probating the instrument as a codicil to the will of 1892. We are of opinion that error was committed in so probating it, and the decree affirming the probate is now reversed.