## Broe *versus* Boyle.

1. After the lapse of five years from the probate of a will, a devise of realty in said will cannot be impeached upon the ground that the testatrix was a single woman at the date of said will, and subsequently married, whereby said will was revoked by operation of law.

2. The Act of April 8th, 1833, declares : " A will executed by a single woman shall be deemed revoked by her subsequent marriage, and shall not be revived by the death of her husband." Section 7 of the Act of April 22d, 1856, declares : " The probate by the register of the proper county of any will devising real estate shall be conclusive as to such realty, unless within five years from the date of such probate those interested to controvert it shall, by caveat and action at law, duly pursued, contest the validity of such will as to such realty."

A single woman made her will devising real estate, and afterwards married. Her husband died in her lifetime. She remained his widow until her death, whereupon her said will was admitted to probate by the register. No evidence appeared that the testatrix had in any way republished her will. Upon a case stated, filed more than five years after the decree of probate, to determine the right of the devisee to convey a good and marketable title to the premises so devised to her :

*Held*, that the Act of April 22d, 1856, being an Act " for the greater certainty of title and more secure enjoyment of real estate," and not a mere Act of Limitation, the probate of a will after five years affects the title to the land devised, and not merely the remedy for its recovery.

*Held*, therefore, that the right of the devisee in the above case was absolute, and that she could convey a good and marketable title.

November 10th, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term, 1884, No. 212.

Case stated, filed October 14th, 1884, wherein William M. Broe was plaintiff, and Mary Boyle, defendant, setting forth the following facts :

By articles of agreement dated September 3d, 1884, the

[Broe *v.* Boyle.]

defendant, a single woman, covenanted to convey in fee simple to the plaintiff, a certain lot of ground in Allegheny City, in consideration of $250. On the 10th of the same month she tendered the plaintiff a deed for said premises duly executed by her, and demanded payment of the purchase money, which he refused, averring that defendant could not by said deed convey title except as to the undivided one half of said premises which she had acquired in 1866, under a partition of her grandfather's estate. By said partition the other undivided one half of said premises became vested in Jane Boyle, sister of said Mary Boyle. On December 18th, 1866, said Jane Boyle, then a single woman, executed her last will and testament, wherein she devised all her property, real and personal, to her sister, Mary Boyle. After the date of her will, to wit, in September, 1867, said Jane Boyle intermarried with John Watson, who died November 17th, 1875, leaving said Jane to survive him, and she remained his widow until her death on July 30th, 1879.

Her said will was duly admitted to probate by the Register of Wills of Allegheny county on September, 1st, 1879, and letters testamentary were duly granted thereon to Mary Boyle, the executrix named therein. In said letters testamentary, the Register certified that on said date before him "was proved, approved and instituted the last will and testament of Jane Watson, formerly Boyle, late of Allegheny City," &c.

If the court should be of opinion that the decree of the said Register admitting said will to probate is conclusive upon all parties who might claim an interest in said real estate, as heirs at law of the said Jane Watson, formerly Jane Boyle, more than five years having elapsed since the date of said probate, and that a good title passed by said will to the said Mary Boyle for the undivided one half interest of the said Jane in said premises, then judgment to be entered in favor of the plaintiff and against the defendant above named, for the above sum of $250, with interest from the 10th day of September, A. D. 1884, and costs; otherwise judgment to be entered for the defendant for costs; either party reserving the right to sue out a writ of error herein.

The court filed the following opinion and judgment:

"We are of the opinion that the probate of the will is a conclusive adjudication that it was the will of the testatrix, republished after the death of her husband,—and that the plaintiff can convey a good title to the entirety of the real estate.

"And now, 5th October, 1884, after argument and upon

consideration, the court being of the opinion that the law is with the plaintiff, judgment is entered in favor of the plaintiff for the sum of two hundred and fifty dollars, with interest from September 10th, 1884, and costs."

The defendant took this writ of error, assigning for error the judgment for plaintiff on the case stated.

*A. M. Watson*, for the plaintiff in error.—The questions raised on the record are the construction of the 16th section of the Act of April 8th, 1833, and effect of the judgment of the Register's Court, admitting the will in question to probate. Jane and Mary Boyle, sisters, on the 18th of December, 1866, made their wills, and each devised to the other all her estate. Jane married John Watson, who died in her lifetime. Under the 16th section of the Act of April, 1833, her marriage revoked her will of 1866: "A will executed by a single woman shall be deemed revoked by her subsequent marriage, and shall not be revived by the death of her husband." She never made any other will. Unless her will was republished after her husband's death, she died intestate. But the defendant in error contends that the decree of the Register's Court of September 1st, 1879, in effect republished her will, and that no appeal to a higher court having been taken, *within five years from the probate*, under the Act of 22d of April, 1856, P. L. 553, section 7, the title to the land devised has become absolute in her. The section reads as follows: "The probate by the Register of the proper county of any will devising real estate shall be conclusive as to such realty, unless within five years from the date of such probate those interested to controvert it shall, by *caveat* and action at law, duly pursued, contest the validity of such will as to such realty: Provided," &c.

What does the decree of the Register's Court import? Does it amount to a republication of the will that was revoked by marriage? This court has gone far in holding that the probate of a will not appealed from within five years gives an absolute title to an innocent purchaser for value, even where fraud existed tainting the devisee. In this case, however, no fraud is charged or exists. The question is whether the decree admitting the will to probate amounts to a republication. The testatrix never had a child, and doubtless regarded this paper as her last will. But the security of the title to the land in question is a matter of great importance, and no case like this one has been passed upon since the Act of 1856.

We submit that the decree of the Register's Court cannot be regarded as a republication of a will revoked under the Act of 1833. To hold that the will was republished implies

that testimony was taken before the Register, and the fact of republication established; that may or may not have been done, so far as the decree is concerned, for it does not appear what evidence was produced. If the decree imports that satisfactory evidence was produced, the question arises: Is that decree conclusive on all parties after five years without an appeal being taken by some one interested? In this case the only one interested, as heir of the deceased, is a brother living in Allegheny city, upon land adjacent to the lot in question. None of the decisions of this court, under the Act of 1856, go so far as to rule this case. This court must go a step beyond the last score to say that the decision of the lower court is a correct exposition of the law. So far research has failed to discover any case in which the questions involved have been ruled, and they seem to be yet undecided by a higher or Supreme Court.

*Thomas C. Lazear* and *Chas. P. Orr*, for the defendant in error, were not heard by the court. Their printed brief contained the following: Although the will of a woman which has been revoked by her subsequent marriage, under the Act of 1833, is not revived by the death of the husband, yet it may be revived or republished in other ways: Kurtz *v.* Saylor, 8 Harris, 205; Fransen's Will, 2 Casey 202; see also Brown *v.* Clark, 77 N. Y. 369, where ANDREWS, J., in the opinion of the court, fully discusses this question and declares that a married woman can republish and revive a will made before marriage, and which by her marriage had been revoked by statute as well as at common law. Such a will as this may even be revived by parol republication after the death of the husband: Campbell *v.* Jamison, 8 Barr 498; opinion of KNOX, J., in Fransen's Will, supra; 2 Wharton 103; 10 Harris 416; 1 Jarman on Wills, 5th ed. American Notes, page 362, N. 2. Whether or not a will has been republished, we contend, is a matter for the Register's decision, and upon the evidence before him, he makes his decree and refuses or grants letters testamentary. "The Register of Wills has power to receive probate of the republication of a will, as well as of its original." Rhone's Orphans' Court Practice, vol. 1, page 734 (247); Musser *v.* Curry, 3 W. C. C. R. 481. It does not appear from the Register's decree whether or not there was evidence before him of a republication. But the fact is clear that he had knowledge of the circumstances. In the letters testamentary he declared that there was proved "the last will and testament of Jane Watson, formerly Boyle." It cannot be denied, therefore, that the admission to probate of the will in question was a judicial decision. "A Register is a judge

and the admission of a will to probate is a judicial decision. His judgment, if it be in favor of the will, is evidence of its validity in all respects whatsoever, conclusive as to personal property, presumptive as to real. Such judgment can only be set aside on appeal, and is unimpeachable in any other proceeding." These are the words of this court before the Act of 1856, in Holliday *v.* Ward, 19 Pa. St. 485. Since the Act of 1856 the decisions of this court have been numerous and uniform in holding that " the adjudication of the Register in the probate of a will on all matters within his jurisdiction is conclusive, if not appealed from within the time limited by law :" Hegarty's Appeal, 75 Pa. St. 503; Warfield *v.* Fox, 53 Pa. St. 382; Kenyon *v.* Stewart, 44 Pa. St. 179; Folmar's Appeal, 68 Pa. St. 482. Warfield *v.* Fox in particular is a strong case upon this point, holding that " the probate of a will devising real estate is conclusive on *all* persons, whether infants, *femes covert*, *non compotes mentis*, or not, unless contested within five years as pointed out by the 7th section of the Act of 1856."

The Supreme Court of California, in Samson *v.* Samson, 17 Reporter 145, held : " 1. Where a paper writing is admitted to probate as the last will and testament of a deceased person, and it subsequently appears that the testator was *non compos mentis* at the time of the execution of the will, the probate is voidable, not void. 2. Where some of the heirs, in the matter of such probate, have suffered the statutory period of limitation to pass without contesting the probate, and other heirs are yet within the statutory time, the probate may be set aside as to the latter at their request and held good as to the former." This is indeed a strong case, as the alleged will was made by a man who could not make any disposition of his property, or do any thing under the law. As to probate of a will being conclusive see also 2 Smith's Leading Cases, Hare and Wallace, p. 814, § 693. " The judgment (the Register's decree) is upon the thing itself; and when the proper steps required by law are taken, the judgment is conclusive, and makes the instrument, as to all the world (at least so far as the property of the testator within this state [Vermont] is concerned,) just what the judgment declared it ought to be :" Woodruff *v.* Taylor, 20 Vermont 65. " A will must be executed according to the law of the country where the testator was domiciled at the time of his death. The grant of probate not appealed against, conclusively established that it was so executed :" Whicker *v.* Hume, 7 House of Lords Cases, 124; Freeman on Judgments, § 608.

But we need only confine ourselves to the decisions of our own state, to maintain our position that the defendant in error

can convey a good title ·to the lot in question: Cochran v.
Young, recently decided, 8 Out. 333, where, after a careful
review of the cases upon this point, it was held that, "the
seventh section of the Act of 22d April, 1856, relative to
the conclusiveness of the probate of wills upon devises of
real estate, unless contested within five years, is not to be
regarded simply as a statute of limitations; it affects the title
to land and not merely the remedy for its recovery." The
very purpose and design of the Act of 1856 would be de-
feated, if an innocent bona fide purchaser for value could not
hold his estates "in the confidence that they would not be
lost by secret and unknown claims or by fraud and perjury."

Chief Justice MERCUR delivered the opinion of the court,
January 5th, 1885.

The correctness of this judgment depends on the effect to
be given to section 7 of the Act of 22d April, 1856: Pur.
Dig. 407, pl. 12. It declares: "The probate by the Register
of the proper county of any will devising real estate shall be
conclusive as to such realty, unless within five years from the
date of such probate those interested to controvert it shall by
caveat and action at law duly pursued, contest the validity of
such will as to such realty."

The will of Jane Boyle, devising the land in question, was
duly probated by the Register of Wills of the proper county
on the first day of September, 1879. No attempt was made
to contest its validity by caveat, action at law, or otherwise,
until the entry of the action in this case, on the 14th of Octo-
ber, 1884. More than five years from the date of the probate
had then fully expired.

The attempt is to avoid the conclusive· effect of this pro-
bate by invoking the aid of the 16th section of the Act of
8th April, 1833, which declares, "a will executed by a single
woman shall be deemed revoked by her subsequent marriage,
and shall not be revived by the death of her husband." When
Jane Boyle executed this will in 1866 she was a feme sole.
She married in less than one year thereafter, and her husband
died in 1875. She remained his widow until her death in
July, 1879.

Her marriage operated as a revocation of her will, and the
mere death of her husband did not revive it. She was not,
however, precluded from reviving or republishing it after the
death of her husband. She had preserved it uncancelled and
unmutilated. No doubt is cast on her sound mind and entire
freedom from all improper influences when it was executed,
nor to the continuance thereof during the whole of her widow-
hood. No fraud is alleged in the probate, or otherwise. Her

12 OUTERBRIDGE—6

property remained the same. The devise was of all her property, real, personal and mixed. This case is not an attempt to revoke a will by evidence of parol declarations, as in Clark *v.* Morrison, 1 Casey 453; nor is there any subsequent will to be revoked by a republication of this one.

It was well settled under the Act of 1705, that a will might be republished by parol, so as to pass not only real estate which the testator owned at the time of making the will, but also that which he afterwards acquired : Jack *v.* Shoenberger, 10 Harris 416. This case seems to hold as Campbell *v.* Jamison, 8 Barr 498, expressly did, that the Act of 1833 did not prohibit the right to republish a will by parol; yet in Fransen's Will, 2 Casey 202, the same justice who had written the opinion in the former case said the case of Jack *v.* Shoenberger had been misunderstood, and that the question was not there intended to be decided. A majority of the court appear to have adopted that view and still left the question open; although two of the judges expressly declared that the republication of a will by parol is not prohibited by the Act of 1833. No case is cited in which the precise question has since been ruled by this court. We think it is not necessary to now determine it in deciding the present case.

A Register of Wills is a judicial officer : Morris *v.* Vanderen, 1 Dall. 66; Act of 15th March, 1832, Pur. Dig. 1253. The admission of a will to probate is a judicial act, which cannot be impeached in a collateral issue : Loy *v.* Kennedy, 1 W. & S. 396 ; Holliday *v.* Ward, 7 Harris 485. Prior to the Act of 1856 it was frequently held that the admission of a will to probate was conclusive evidence of its validity as to personal property, and presumptive as to real estate, unless reversed on appeal. It was held in Kenyon *v.* Stewart, 8 Wright 189, that the main purpose of this 7th section was to give to the probate of wills, after five years, the same conclusive effect as to real estate, which it had always possessed in England and here, in respect to personal goods. In express terms this section declares the probate of a will devising realty shall be conclusive as to such realty, after five years, unless the same be controverted as provided by the Act.

In Warfield *v.* Fox, 3 P. F. Smith 382, it was held that the probate of a will, since the Act of 1856, devising real estate, is conclusive on all persons, whether infants, femes covert, non compos mentis or not, unless contested within five years, as directed by the 7th section of the Act. The correctness of this ruling was affirmed and adopted in Folmar's Appeal, 18 Id. 482.

Individual members of this court did think the Act was designed as one of limitation only ; but the court has so often

[Appeal of Borough of Verona.]

held otherwise that the rule must now be considered as one of property. The probate cannot be collaterally impeached in an action of ejectment brought in the right of the heir at law to recover real estate devised by the will: Wilson v. Gaston, 11 Norris 207. To the same effect is McCort's Appeal, 2 Out. 33. As the purpose of the Act is "for the greater certainty of title, and more secure enjoyment of real estate," the probate affects the title to the land devised, and not merely the remedy for its recovery: Cochran v. Young, 8 Out. 333.

It is true the Register's jurisdiction in the probate of wills is confined to the question whether the paper has been legally executed as the will of the testator. It does not determine his title to the property, nor his power to devise or bequeath the same at the time, nor in the manner indicated by the will. Hence it was held, in Hegarty's Appeal, 25 P. F. Smith 503, in case of the devise for a religious use, and the testator died within a month after the date of the will, the heirs at law of the testator were not concluded by the Act of 1856 from claiming the property thus devised, although no caveat nor action at law was entered within five years after the probate of the will. The probate does not give additional power to. do an act which the testator was not. authorized to perform, but makes conclusive such a disposition of his property as he was authorized to devise, and did devise, according to the forms of law.

It follows that the decree of the Register, admitting the will of Jane Boyle to probate, had conclusively passed her title to the land to the devisee therein named before the present action was instituted, and the learned judge committed no error in entering judgment in favor of the plaintiff below.

Judgment affirmed.