# H. E. ROBENO ET AL. v. M. H. MARLATT ET AL.

## APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 10, 1890—Decided October 6, 1890.

(*a*) The will of a testator devised all his estate to his wife in fee, and appointed her his executrix with full power to sell and convey.	Children were born after the date of the will, and for them no provision was made therein.

(*b*) By a deed reciting the devise to her in fee but not indicating that she conveyed or intended to convey under the power, or that the deed was made in the course of the administration of the estate, the widow afterward conveyed the real estate devised to her:

1. In such case, the provisions of § 1, act of June 4, 1879, P. L. 88, were inapplicable; and, under § 15, act of April 8, 1833, P. L. 251, the afterborn children were entitled to the same interest in the real estate of testator, "as if he had actually died without any will."

2. Such children are not required to look only to the proceeds of the sale made by the widow, as that requirement would deny to them the interest in their father's estate to which they are entitled under the statute.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 361 January Term 1889, Sup. Ct.; court below, number and term not given.

Statement of Facts.

On December 1, 1887, Helen E. Robeno and Andrew T. Robeno, minor children of Andrew Robeno, Jr., deceased, by their guardian, Robert E. Pancoast, brought ejectment against Mary H. Marlatt, Sallie A. Marlatt, Mary Kennedy and Thomas Kennedy. Issue.

At the trial on October 24, 1885, the jury returned a special verdict finding the following facts:

Andrew Robeno, Jr., died, testate, on January 17, 1885, seised of the property in dispute, to wit, a house and lot on Wistar street, and leaving to survive him a widow, Helen A. Robeno, and issue as follows: Mary P. Robeno, born May 9, 1882; Helen E. Robeno, born November 29, 1883, and Andrew T. Robeno, born September 5, 1885. Mary P. Robeno died on June 5, 1885. Robert E. Pancoast was duly appointed guardian of Helen E. and Andrew T. Robeno.

By his will, dated September 2, 1881, said Andrew Robeno, Jr., deceased, devised and bequeathed all his estate, real and personal, after payment of debts and funeral expenses, to his widow Helen A. Robeno, " her heirs and assigns absolutely forever," and provided:

" And I do nominate, constitute and appoint my said wife, Helen A. Robeno, to be the sole executrix of this, my last will, with full and complete power and authority to sell and dispose of all or any part of my said estate in her discretion, and with full power and authority to make, seal, execute and deliver all such deed or deeds of conveyance, and all other assurances in the law, requisite to vest a good and perfect title thereto, unto all such purchaser or purchasers thereof."

Said will was duly admitted to probate on February 13, 1885, and letters testamentary issued thereon to said Helen A. Robeno, who on April 16, 1887, conveyed the property in dispute to Mary H. Marlatt and Sallie A. Marlatt, by a deed which described the grantor as the widow of Andrew Robeno, Jr., and, after designating the property conveyed, proceeded:

" Being the same premises which Thomas Hare and wife, by indenture dated the thirteenth day of November, A. D. 1873, recorded in Deed Book F. T. W., No. 82, page 338, etc., granted and conveyed unto the said Andrew Robeno, junior, in fee. And the said Andrew Robeno, junior, being so seised, departed this life; and by his last will and testament, dated the

Opinion of Court below.

second day of September, A. D. 1881, duly proved at Philadelphia the thirteenth day of February, A. D. 1885, he gave and devised all the rest, residue and remainder of his estate, real, personal and mixed, unto his wife, the said Helen A. Robeno in fee; together with," etc.

The defendants Mary Kennedy and Thomas Kennedy were tenants of Mary H. and Sallie A. Marlatt, who were in possession of the property in dispute under said deed.

On January 16, 1889, after argument of a motion by the plaintiffs for judgment on the special verdict, the court, FINLETTER, P. J., filed the following opinion:

The plaintiffs claim as the children of Andrew Robeno, Jr., born after he had made his will, which was dated September 2, 1881. He died in 1885. The defendants claim as grantees of his executrix, who conveyed under the power to sell in the will.

Under the act of April 8, 1833, the plaintiffs would have been entitled to recover. It is claimed, however, that the act of June 4, 1879, bars their right. This act has received judicial construction, the results of which are, that as to the condition of the donees the will speaks as of the date; as to the subjects of the testamentary disposition, the will is construed as of the death; as to the objects, that is, the persons who are to take under it, and their condition, the will speaks as of its date; as to the testator's condition, it is to be considered as of its date. The act is restricted in its effect to the real and personal property passing under it. It would appear from these decisions that the claim of the plaintiffs is well founded, unless they are barred by the power of sale given to the executrix in the will. It is contended that she had an absolute title under the will, and that the power of sale was therefore nugatory; and that she conveyed in her own right, and not under the power given to her by the will.

If the children's interest did not pass by the will, then she did not take title to the whole of the property. It must therefore be assumed that the power was necessary to enable her to convey the entire estate. Whether she conveyed by virtue of the estate given to her by the will, or under the power of sale, is not to be determined alone from the terms used in making the conveyance, perhaps not at all by them.

Opinion of Court below.

We have not been referred to analogous cases, although the subject of powers, generally, has been discussed here and elsewhere. To understand clearly what has been decided, it seems to be necessary to consider the facts upon which the decisions have been made, and the principles and reasons upon which they are founded.

It is well known that English conveyancers and judges were persistent in their effort to relieve real estate from the restrictions which were thrown around its transmission. From this resulted uses, and trusts, and powers, and appointments. Mr. Sugden, in his work on powers, has given the line of decision with proper comments, in which we may find a few principles for our guidance.

It should be recollected that uses and powers qualified the estates upon which they rested. The courts gave relief from these restrictions, when it could be done without injury to the rights of others; as, when the grantor had the fee with the power of limitation, and conveyed without exercising the power, the purchaser took the land without limitation. If, however, the limitation was in another, the purchaser took a qualified fee.

There were cases in which the intention of the grantors, grantees, or the testators became essential elements in their determination. This intention was not the intention to exercise the power, but the intent of the parties as to the estate which was conveyed. "The principle attempted to be established, viz., that there must not only be an intention to dispose of the property, but also to dispose of it under the power, was strongly observed upon in argument at the bar of the House of Lords, and the author, who had to sustain the decision, felt himself unable to support the doctrine advanced in the judgment. If the intention to pass the property can be collected, it will pass under the power, although the donee supposed that it would work by force of his interest. There is no conflict; he intends the property to pass, and thinks he has all the interest in it, whereas he has only a power. The intention governs, and the power will support the disposition. It is intention, then, that in these cases, governs:" Sugden on P., 440. The estate which was intended to be conveyed passed without regard to the form of conveyancing, provided the interests of other parties were not affected.

—Citing Hay v. Mayer, 8 W. 203; Wetherill v. Wetherill, 18 Pa. 272; Drusadow v. Wilde, 63 Pa. 172, the court proceeded:

It may be inferred from these citations that the intention which governs is not an intention to exercise the power, but the intention to convey the land in accordance with the will of the testator. In other words, the mere form of conveyance is to be disregarded, and the effect in passing the lands to be considered as indicating the intention of the parties and the directions of the will. If the power covers the whole land and fee, the conveyance will be referred to the power; and if it be less, and the grantor's interest unrestricted, the conveyance will be referred to the grantor's interest.

The power given to an executor to sell and receive the purchase money is intended to relieve the purchaser from all apprehension and thereby secure the best price. In this respect it differs widely from powers given for the purpose of limiting the estate. It should therefore receive a liberal construction. In the present case, there can be no doubt that the testator desired that an unqualified fee should pass to the purchaser for the whole property. It must be presumed that he made his will with a knowledge of the laws affecting wills, and that, under certain contingencies, the estate given to his wife would be for but a portion of the property. It must also be presumed that the executrix and the purchaser considered the will as the authority by which she conveyed, and that they knew the title which she took under the law, and the power she had by virtue of the will, and that the conveyance was made under this knowledge.

The whole property, the subject of the power, was conveyed for a full consideration, and the grantor refers in the conveyance to the will as the source of her right to convey. The intention to convey the entire estate is manifest, and the conveyance should be referred to the power of sale.

Judgment is therefore entered for the defendants.

—Judgment having been entered as directed, the plaintiffs took this appeal, specifying that the court erred in entering judgment for the defendants on the special verdict, and in not entering judgment for plaintiffs for the land in dispute subject to the life-estate of Helen A. Robeno, widow, in five ninths of the property in dispute.

Opinion of the Court.

Mr. W. B. Broomall, for the appellants.

That, under § 15, act of April 8, 1833, P. L. 251, after-born children, unprovided for in the will, are entitled as though testator died intestate, counsel cited: Walker v. Hall, 34 Pa. 483; Edwards's App., 47 Pa. 144; Grosvenor v. Fogg, 2 W. N. 709; Willard's Est., 68 Pa. 327. That the power of sale in the will did not continue operative against the plaintiffs notwithstanding the act of 1833: Coates v. Hughes, 3 Binn. 498; Hollingsworth's App., 51 Pa. 518; § 1, act of April 20, 1869, P. L. 77; Hoover v. Landis, 76 Pa. 354. But, if it did, there was nothing to indicate an intention to exercise a power of sale, much less a power of sale to pay debts: 1 Sug. on P., 421; Hay v. Mayer, 8 W. 203; 4 Kent Com., 328; Wetherill v. Wetherill, 18 Pa. 265; Bingham's App., 64 Pa. 349; Jones v. Wood, 16 Pa. 42. That the plaintiffs' rights were unaffected by § 1, act of June 4, 1879, P. L. 88: Carl's App., 106 Pa. 635; Fidelity Co.'s App., 108 Pa. 492; Neale's App., 104 Pa. 214.

Mr. H. C. Thompson, for the appellees.

Counsel relied upon the opinion of the court below, and cited: Hollingsworth's App., 51 Pa. 518; Coates v. Hughes, 3 Binn. 498; act of June 4, 1879, P. L. 88. It was also argued that the plaintiffs had mistaken their remedy; "their mother must account to them for her administration of their father's estate; and, with the price of the land in her pocket, the pursuit of her grantees was unconscionable."

OPINION, MR. JUSTICE STERRETT:

The question in this case arises upon the facts established by the special verdict, in substance as follows, viz.:

Andrew Robeno, Jr., became the owner in fee of the lot in controversy by purchase in 1873, and died seised thereof in January, 1885, leaving to survive him a widow, Helen A. Robeno, and three minor children: Mary P., born May 9, 1882, and died June 5, 1885; Helen E., born November 29, 1883, and Andrew T., born September 5, 1885, several months after his father's decease. The two latter, by their guardian, Robert E. Pancoast, are the beneficial plaintiffs in this suit.

The defendants, Mary H. and Sallie A. Marlatt, claim as vendees of the widow, Helen A. Robeno, to whom her husband

by his last will and testament, dated September 2, 1881, before either of his children was born, devised the lot in controversy, etc. On the other hand, it is contended on behalf of the plaintiffs, that inasmuch as their father's will, in which no provision is made for his after-born children, was executed before they and their deceased sister were born, he must be deemed to have died intestate as to all his children; and hence they are entitled to the possession of the real estate of which he died seised, as if he had actually died without any will, subject however to the life estate of their mother in five ninths thereof, which by her deed is vested in the defendants. This contention is based on § 15, act of April 8, 1833, which is as follows:

"When any person shall make his last will and testament, and afterwards shall marry or have a child or children not provided for in such will, and die leaving a widow and child, or either a widow or child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the widow, or child or children afterborn, shall be deemed and construed to die intestate, and such widow, child or children, shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if he had actually died without any will."

In the court below, the case was submitted to the jury, who rendered a special verdict, embodying the facts of which the foregoing statement is the substance, and submitted to the judgment of the court whether, upon the facts so found, their verdict should be for the plaintiffs or for the defendants. The special verdict also provides "that if judgment be entered for the plaintiffs, it shall be for the premises described in the writ, subject to the life-estate of Helen A. Robeno in five ninths thereof," etc. Judgment was entered in favor of the defendants on the special verdict, and the sole question raised by this appeal is whether the court erred in so doing.

The facts established by the special verdict bring the beneficial plaintiffs within the very letter as well as the spirit of the act of 1833, above quoted, and entitle them as afterborn children, for whom no provision is made in the will of their father, to the same interest in the real estate of which he died seised "as if he had actually died without a will;" and, unless there is something to take their case out of the operation of the act, the judgment should have been in their favor.

The learned president of the Common Pleas correctly held that their right is not affected by the act of June 4, 1879, but he came to the conclusion that the deed of April 16, 1887, from the widow to the defendants, was a good execution of the power of sale given her by the will, and hence the plaintiffs were barred of their right of possession, and must look to the fund realized by the sale. In that we think he was mistaken. The power of sale, contained in the third clause of her husband's will, is given to Mrs. Robeno in connection with the devise of all his real estate to her, " her heirs and assigns absolutely forever." In her deed to two of the defendants, she conveys in fee, not by virtue of the power of sale, but as sole devisee of her husband. The lot is described as being the premises which Thomas Hare and wife, by deed dated November 13, 1873, conveyed in fee to Andrew Robeno, Jr., who, dying seised thereof, devised the same in fee to his wife Helen A. Robeno. There is nothing whatever, either in the deed itself or dehors that instrument, to indicate that she conveyed or intended to convey by virtue of the power of sale specified in the will, or for the purpose of paying debts ; nor does it appear that there were any unpaid debts of the testator. It is not pretended that the sale was made in the due course of administration. So far as appears by the special verdict, it was made in the vendor's own right and for her own benefit.

It is true that, as to after-born children, a will is not absolutely void, but is void only in so far as the shares of the children are affected by it: Coates v. Hughes, 3 Binn. 498. The appointment of a testamentary guardian, and a power of sale for the payment of debts, have been upheld against such children, because they are not in conflict with either the letter or spirit of the act of 1833, above quoted. The appointment of a testamentary guardian relates only to the custody of the minor's person and management of his estate. It cannot affect his interest as distributee under the intestate law. A power of sale for the payment of debts, like the appointment of an executor, relates to the administration of the estate, payment of debts, etc. The claims of creditors are of course superior to the rights of heirs or distributees. The latter take nothing until the decedent's debts are paid. Hence, a power of sale for the payment of debts, and the execution thereof,

cannot injuriously affect the right of afterborn children "to such purparts, shares, and dividends of the estate real and personal," of their deceased parent, "as if he had actually died without any will."

The language of the act is clear and explicit; and as heretofore construed by this court it undoubtedly applies to the facts of this case and sustains the contention of the plaintiffs: Walker v. Hall, 34 Pa. 483; Edwards's App., 47 Pa. 144; Willard's Est., 68 Pa. 327; Grosvenor v. Fogg, 2 W. N. 709; Hollingsworth's App., 51 Pa. 518. To require the plaintiffs to look only to the proceeds of the sale made by their mother would be denying them that interest in their father's estate which the act declares they are entitled to, namely, "such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if he had actually died without any will." The specifications of error are sustained.

> Judgment reversed; and judgment is now entered on the special verdict in favor of the plaintiffs for the premises described in the writ, subject to the life estate of Helen A. Robeno in five ninths thereof, which is vested in the defendants.