Estate of Florence Craft, Deceased.   Appeal of H. H. Martin, Guardian of Florence Mildred Craft.

*Will—Revocation of single woman's will by marriage—Ante-nuptial agreement—Probate—Collateral attack—Act of April 8, 1833.*

Under the act of April 8, 1833, § 16, P. L. 250, a will executed by a single woman is absolutely revoked by her subsequent marriage, even although her husband has given his written consent, prior to the marriage, to a will by which he is excluded from participation in her estate.

While such consent may operate as an ante-nuptial agreement as against the husband, a child born after the second marriage is not concluded, by its father's consent to the will, from sharing in its mother's estate, as the will had been absolutely revoked by the subsequent marriage.   A probate of the revoked will will not defeat the rights of such child.

Argued Oct. 1, 1894.   Appeal, No. 4, Oct. T., 1894, from decree of O. C. Venango Co., sustaining exceptions to auditor's report.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean, and Fell, JJ.   Reversed.

Exceptions to auditor's report.

From the report of C. A. Myers, Esq., auditor, the following facts appeared :

Florence Hopkins, a widow, in contemplation of a marriage about to be solemnized between herself and James N. Craft, on Sept. 30, 1886, made her last will and testament, in which she provided for the disposition of her whole estate.   James N. Craft, her prospective husband, on the same date, by a writing attached to said will, gave his consent to the disposition therein made.   On Oct. 6th, following, the parties were married.

On Sept. 15, 1887, a child was born to them, Florence Mildred, and on Oct. 12th, following, the mother, Florence Hopkins Craft, died.   On the 27th day of the same month the writing made by Florence Hopkins, prior to her marriage with James N. Craft, was admitted to probate as the will of Florence Hopkins Craft, and upon request of Craft, W. J. Bleakley was appointed administrator c. t. a. of the estate of the decedent.

Jan. 30, 1890, the administrator filed his first and partial account, to which exceptions were filed by the guardian of the children of the said decedent by her former husband, and the

present auditor was appointed to pass upon the exceptions filed and report distribution of the amount in the hands of the administrator as shown by the account restated.

Pending the hearing before the auditor James N. Craft filed with him a release or relinquishment of all claims he had or might have on the estate of his deceased wife.

The auditor, in his report, admitted the child Florence Mildred to participation in the fund in question and directed that one fourth of the moneys in the hands of the administrator be paid to H. H. Martin, guardian of said child.

Exceptions were filed to the report of the auditor by the children of the former marriage, and by legatees under the alleged will, all of which exceptions were directed to the admission by the auditor of the child Florence Mildred to a participation in the fund for distribution.

The court below, in an opinion filed, sustained the exceptions and ordered that the whole fund be distributed to the three children of the former marriage. From this order or decree H. H. Martin, guardian of Florence Mildred Craft, appealed.

*Errors assigned* were sustaining exceptions and entering decree, quoting them.

*Robert E. Glenn, J. H. Osmer* with him, for appellant.—The consent of James N. Craft, executed at the time of the making of the will, became important only in the event of his marriage to the testatrix, and then only to preclude him from any claim upon her estate: Lant's Ap., 95 Pa. 279.

By her subsequent marriage the will was revoked, absolutely and unqualifiedly: Act of April 8, 1833, § 16, P. L. 250.

The child Mildred having been born subsequent to the execution of the will by its mother, she died intestate as to such child: Act of April 8, 1833, § 15, P. L. 250; Duncan v. Duncan's Adm., 3 Yeates, 203; act of 1705, § 2, 3 Sm. L. 164.

The probate does not create a will: Bowlby v. Thunder, 105 Pa. 173. It may be attacked collaterally, as the record shows want of jurisdiction: Wall v. Wall, 123 Pa. 545; Shoenberger's Est., 139 Pa. 132; Fowler v. Eddy, 110 Pa. 117. Republication requires the same solemnities as the original publication : Fransen's Ap., 26 Pa. 202.

*C. Heydrick, Carl I. Heydrick* with him, for appellees.—The writings gave the whole estate to the children of the deceased husband from whom it came ; and they were made in pursuance of an agreement, itself made in consideration of a contemplated marriage.   The agreement must therefore have been that the whole estate should be given to those children : Lant's Ap., 95 Pa. 279.

Sec. 15 of the act of 1833 was limited to men, and the act of 1848 did not extend it to women.

If not an ante-nuptial contract, the probate by the register was conclusive : Broe v. Boyle, 108 Pa. 76.

OPINION BY MR. JUSTICE MITCHELL, Nov. 5, 1894 :

The will of Mrs. Hopkins was absolutely inoperative as a will, her marriage to Craft having revoked it under the express language of section 16 of the act of 8th April, 1833, P. L. 250, that "a will executed by a single woman shall be deemed revoked by her subsequent marriage."   Nor is this effect defeated as to the appellant, by the probate.   In Hagarty's Appeal, 75 Pa. 503, it was held that on a question of distribution the validity of testamentary provisions depending on facts dehors the record may be inquired into notwithstanding probate.   And in Robeno v. Marlatt, 136 Pa. 35, the will devised testator's whole estate to his widow absolutely, and was duly probated, yet after-born children were held entitled to recover in ejectment as if their father had died intestate. If an after-born child can thus claim against a will revoked pro tanto only, there should be no difficulty in his recovery against a will revoked altogether.

The learned court below considered that the will and the written consent of the husband must be construed as one instrument and upheld as an ante-nuptial agreement.   As against the husband this would be clearly so upon the principles of equity and was expressly decided in Lant's Appeal, 95 Pa. 279, but the question in that case was between the husband and those claiming under the will.   Here the husband is making no claim and the question before us is different.   The will is not in form a marriage settlement at all.   It is only treated as such, in connection with the husband's written assent, by equitable construction, and equity will never carry construc

tion beyond the exact purpose for which it is needed.    As to Mrs. Hopkins it was not an irrevocable settlement, nor is there any reason to suppose that she regarded or intended it as a settlement at all.    Its sole purpose was to bar the husband from the marital rights which he would otherwise acquire in her property by the contemplated marriage.    She might have made a deed of settlement under which her children by her first marriage would have acquired rights even against herself, but she did not do so.    She chose a revocable instrument, effective for her purpose to bar her intended husband, but otherwise leaving her in free control of her property.    She might at any time have made a later will, and her children would have had no standing to object.    The instrument she did make was revoked as matter of express statutory law by her marriage, and equity is not called upon to enforce it for a purpose for which it was never intended.    The act of 1833 does not revoke it merely as to the. husband, but absolutely for all testamentary purposes, as is shown by the provision that it "shall not be revived by the death of her husband."    As a will therefore the paper executed by Mrs. Craft was void at the time of her death, and it is only as a will that her children it provides for have any concern with it.    As to the appellant in right of his ward, Mrs. Craft must be treated as dying intestate, and the distribution reported by the auditor was correct.

Decree reversed, and record remitted for distribution in accordance with this opinion.