## Stout, Appellant, *v.* Young.

*Will—Probate—Statute of limitations—Act of April 22, 1856, sec. 7, P. L. 532.*

Where five years have elapsed from the probate of a will, and no appeal has been taken, a devise of realty by the will cannot be impeached upon the ground that the testator was not of age when he executed the will.

The Act of April 22, 1856, P. L. 532, is not merely a statute of limitations affecting a remedy; it is a provision "for the greater certainty of titles," and establishes a rule of evidence which makes conclusive as to land after the lapse of five years without caveat or action at law duly pursued, what was before prima facie only.

Argued Feb. 26, 1907.    Appeal, No. 328, Jan. T., 1906, by plaintiffs, from judgment of C. P. Lackawanna Co., May T., 1905, No. 414, for defendant on question of law reserved in case of John Stout et. al., v. Ann Patterson Young.    Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.    Affirmed.

Ejectment for land in Ransom township.    Before EDWARDS, P. J.

At the trial the jury returned a verdict for defendant, subject to the question of law reserved, as follows:

"That as the will of Daniel Stout was duly probated in the office of the Register of Wills of Luzerne County in conformity with law, in 1876, and as no caveat was filed or proceedings of any kind instituted to have the probate set aside, it became conclusive as to the real estate of said Daniel Stout after five years, and cannot now be attacked in this proceeding."

Other facts appear by the opinion of the Supreme Court.

The court in an opinion by EDWARDS, P. J., entered judgment for defendant on the reserved point.

*Error assigned* was in entering judgment for defendant.

*H. W. Mumford,* with him *Clarence Ballentine* and *W. A. Wilcox,* for appellants.

*A. A. Vosburg,* with him *W. I. Hibbs* and *Charles W. Dawson,* for appellees.

PER CURIAM, April 1, 1907:

The learned trial judge was of opinion that error had been committed in submitting to the jury the question of adverse possession in the defendants and their predecessors in title.   Since this was one of two questions of fact submitted and the verdict may have been  based on a finding for the defendants as to it, he entered judgment for the defendants on the question reserved, which was whether after five years the probate of the will became conclusive as to real estate, notwithstanding the want of age of the testator, no proceedings having been instituted to contest it.   The conclusion reached by the court on this question, in which we concur, would have warranted a peremptory direction for the defendants.   A right verdict had therefore been reached irrespective of the finding as to adverse possession, and judgment should have been entered on the verdict instead of on the reserved question.

The action was ejectment, brought in 1905, in which the validity of a will probated in 1876 was attacked on the ground that the testator was not of the age of twenty-one years at the time of making it.   The construction of section 7 of the Act of April 22, 1856, P. L. 532, has been definitively settled.   It is not merely a statute of limitations affecting a remedy; it is a provision " for the greater certainty of titles," and establishes a rule of evidence which makes conclusive as to land after the lapse of five years, without caveat or action at law duly pursued, what was before prima facie only.   The probate of a will is a judicial act which cannot be collaterally impeached in an action of ejectment; it is conclusive on all persons, whether under disabilities or not, unless contested in the manner provided by the act: Wilson v. Gaston, 92 Pa. 207; Cochran v. Young, 104 Pa. 333; McCay v. Clayton, 119 Pa. 133. The probate is of course conclusive only as to matters within

the jurisdiction of the register and not as to the effect of testamentary provisions which depend on matters dehors the record, as the validity of a gift to charities: Hegarty's Appeal, 75 Pa. 503; or the effect of a subsequent marriage of a testatrix: Craft's Estate, 164 Pa. 520; or the rights of after-born children: Owens v. Haines, 199 Pa. 137. But the probate of a will unappealed from is conclusive of the fact that it is the will of the alleged testator. To establish this fact the necessary findings were that the will was duly executed, that the testator had sufficient mental capacity, and that he had reached the age of twenty-one years. Testamentary age is as essential to the establishment of a will as proper execution of the writing and the possession of testamentary capacity. It was involved in the adjudication and was settled by it.

The judgment is affirmed.