## Terry's Estate.

*Decedents' estates—Sales of real estate—Orphans' Court sale—Sale of land in parts.*

1. The Orphans' Court will not direct the sale of a small part of a decedent's estate for the payment of debts, where the sale of the small part detached from the larger would be detrimental to the value of the whole and prejudicial to the rights of creditors.

*Wills—Probate—Finality of probate—Conflicting devises in two separate wills—Judgment creditors.*

2. The probate of a will by the register of wills is a judicial decree and can only be set aside on appeal.

3. When a devisee under a will evidences his title by probating the will, which probate remains unappealed from, although the statutory period has expired, the judgment creditors of such devisee may insist upon the finality of the register's decree as against another devisee claiming title to the same land by virtue of a later will of the same testator revoking the former one, and probated after the probate of the former became final and conclusive and after the entry of judgments against the former devisee.

4. In such case, although judgment creditors do not come within the recording acts, they have a standing to dispute the title of the second devisee.

Rule to show cause why order of sale should not be vacated. O. C. Crawford Co., May T., 1924, No. 29.

*A. L. Thomas* and *Fred C. Kiebort*, for petitioner.

*Thomas & Thomas*, for respondent.

PRATHER, P. J., Sept. 8, 1925.—Marvin Henry Terry died testate on May 5, 1924, and letters testamentary were duly issued to Pearl T. Hawkins. On Sept. 2, 1924, the said executrix presented her petition and secured an order of court to sell decedent's realty for the payment of his debts. The land described in said petition consisted of two small plots, amounting to 23½ acres.

On Oct. 1, 1924, petitioner, Maude V. Nash, a judgment creditor of said decedent, presented her petition, averring that decedent owned, other than that described in executor's petition, a large tract of land, to wit, 80 acres, with a large barn thereon, as a part of his homestead; that the sale of the smaller part detached from the larger was detrimental to the value of the whole and prejudicial to the rights of petitioner and other creditors, and thereupon the rule was granted to set aside the order of sale so made.

The question is whether Marvin Henry Terry died seized of 23½ acres only, as alleged in executor's petition, or whether he died seized of this and 80 acres additional, as alleged in the petition upon which the pending rule was granted.

The facts established by petition, answer and depositions filed are not in conflict. The question, therefore, is purely one of law. It must be conceded,

if it be determined that Marvin Henry Terry died seized of 103½ acres, that the petition for sale should so state, and the order of sale must include this entire acreage out of proper consideration of the rights of creditors.

No question of procedure is raised by demurrer or otherwise. Our jurisdiction of the subject-matter in the manner presented is, therefore, conceded.

The submission is as though upon a case stated with stipulation of counsel that: "If the court be of opinion that Marvin Henry Terry died seized of the 80 acres in addition to the land described in executor's petition, then rule to vacate order of sale to be made absolute; but if the court be of the opinion that said decedent died seized of the land described in said petition, to wit, 23½ acres, and no more, then rule to be discharged."

Petitioner for rule, a judgment creditor of Marvin Henry Terry, contends that the said Terry became seized of this 80 acres as devisee under the will of Peter M. Terry, dated Dec. 28, 1881, and registered April 2, 1904, in the office of the Register of Wills for Crawford County, in Will Book K, page 587. No appeal has ever been taken from the probate of this will. Under this will so registered, Marvin Henry Terry became the sole devisee in fee of said land.

The executor, Pearl T. Hawkins, alleges that Celia A. Terry is the owner of the 80 acres in controversy, as devisee under the will of Peter M. Terry, dated Oct. 15, 1886, registered in the office of the Register of Wills of said county on July 10, 1924, in Will Book S, page 59.

Under this will so registered, Celia A. Terry, wife of Marvin Henry Terry, became the sole devisee in fee of the same 80 acres. No appeal has been taken from the probate of this will.

Peter M. Terry was, therefore, the common source of title of the 80 acres now in dispute.

Peter M. Terry died about Dec. 30, 1897. Marvin H. Terry died May 5, 1924. The first recited will was not probated until about seven years after Peter Terry's death; and the last recited one was not probated until twenty-seven years after the testator's death, and some two months after Marvin Henry Terry's death.

The conflicting positions as to title arise out of the fact that Pearl T. Hawkins, executor and daughter of Marvin Henry Terry, found among her father's papers, after his death in 1924, the later will devising this land to her mother, Celia A. Terry. Prior to this discovery, she and her mother believed the land belonged to her father as devisee under the will already filed.

Conceding that Celia A. Terry became, under the last will of Peter M. Terry, sole devisee of the 80 acres in question in fee, if said will had been duly probated prior to the final adjudication of another will as the last will of the same testator, the principal legal question arising is: When a devisee under a will evidences his title by probating the will, which probate remains unappealed from during the statutory period and to the present, may his judgment creditors insist upon the finality of the register's decree as against another devisee claiming title to the same land by virtue of a later will of the same testator revoking the former one, and probated after the probate of the former became final and conclusive, and after the entry of said judgments against the former devisee?

We are of the opinion that, as against the rights of such creditors, the later will is a nullity.

Section 16 of the Register of Wills Act, approved June 7, 1917, P. L. 415, provides as follows: "The probate, or refusal of probate, by the register of the proper county of any will, or any other paper purporting to be a will or codicil thereto, shall be conclusive as to all property, real or personal, devised

or bequeathed by such will or codicil or other paper, unless, within two years from the date of such probate or refusal of probate, those interested shall appeal from the decree of the register as herein provided: Provided, that all persons who would be sooner barred by this section taking immediate effect shall not be thereby barred before two years from the date hereof."

Sub-section "A" of the same section provides: "The last will of any decedent may be offered for probate at any time: Provided, that if such will shall not have been offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a *bona fide* conveyance or mortgage of the real estate of said decedent duly recorded before the date of the offering of said will for probate."

Under this provision, it is urged that the probate of the later will, though made seventeen years after the probate of the former will became final and conclusive, was proper and effective to destroy the title of Marvin H. Terry as against his judgment creditors by evidencing a superior title in Celia A. Terry.

We cannot assent to this. Both wills cannot remain upon the record with full force and validity. If the mere probate of the later will, *ipso facto*, dissolves a decree of the register of wills concerning a former one that has become final and conclusive under the statute, and, therefore, solemn evidence of title, to what ends may this philosophy reach in uprooting established titles?

If this can be done after seventeen years of repose in the atmosphere of finality and conclusiveness, or, as it is urged in the language of the statute, such will may be offered for probate "at any time," and, hence, should be received for probate at any time, then its utmost reach is infinity. The legislature could never have intended that this language should be carved out of its context and given an interpretation destructive of the spirit and purpose of the section in its entirety.

It might well be that, as between Marvin Henry Terry and Celia A. Terry, with their conflicting claims of title as devisees under the two wills of Peter M. Terry so probated, the probate of the later will would premise her title and become effective in a proceeding to vacate the former conclusive adjudication. But even if this be true, as to which we are not called upon to express an opinion, it does not follow that there can be two final and conclusive adjudications of title to the same land in two separate and opposing holders.

This would be the situation in the instant case when the second probate has remained unappealed from for a few months longer.

The legislature was not required to say, it left it to the law to say, that the security of creditors of a devisee under a will duly probated, whose title had become conclusive under the terms of the statute, should not be imperiled or destroyed by the probate of a later will of the same testator devising said land to another.

It is urged that only purchasers or mortgagees of Marvin Henry Terry have any standing to dispute the title of Celia A. Terry under this later will, and, therefore, that petitioner for rule, as a judgment creditor, has no standing, as suggested by the statute. It may be conceded that judgment creditors do not come within the recording acts. But how will this fact avail Celia A. Terry in the face of a final adjudication that Marvin Henry Terry is the owner of the land she now is claiming?

Turning to the authorities, it is held:

"Innumerable titles throughout the Commonwealth depended, and always will depend, on the probate of wills. That probate, the foundation of so many titles, we treat as a judicial decree, and the legislature thought there ought to

be a time when it should be no longer questionable. The act of which this section is a part was planned to assure the people of greater certainty of title and to make them more secure in the enjoyment of real estate. It is founded in highest considerations of public policy:" Kenyon v. Stewart, 44 Pa. 179-189.

"The probate by the register of the county of any will devising real estate is conclusive upon all persons, . . . unless within five years (now two years) from the date of such probate the validity of the will shall be contested:" Warfield v. Fox, 53 Pa. 382; Wilson v. Gaston, 92 Pa. 207.

The probate of a will by the register of wills is a judicial decree and can only be set aside on appeal: Cochran v. Young, 104 Pa. 333.

The probate makes conclusive such disposition of testator's property as he was authorized to devise and did devise according to the forms of law: Owens v. Haines, 199 Pa. 137.

After the lapse of the statutory period, with no action at law duly pursued to contest a will, the decree of probate, which had been but *prima facie* to that time, becomes conclusive, and, therefore, affects the title to land: Way v. Hooton, 156 Pa. 8, 20; McCay v. Clayton, 119 Pa. 133; Broe v. Boyle, 108 Pa. 76.

The register's decree unappealed from settles that the paper probated was the last will of the testator and was executed in accordance with the law: Hegarty's Appeal, 75 Pa. 503; Miller's Appeal, 159 Pa. 562; Broe v. Boyle, 108 Pa. 76; Stout v. Young, 217 Pa. 427.

In the last case cited, testator did not have testamentary capacity at the time of making the will, because he was under twenty-one years of age at the time he executed his will. No appeal from this probate was taken within the statutory period. The court held the adjudication of the register was, in addition to a decree that it was the last will of the testator, that testator also possessed testamentary capacity as to age.

It is urged that in many of the cases cited the controversy arose in actions of ejectment, but it is to be observed that the law announced is stated in broad and unqualified terms without regard to the nature of the action.

The case of Baker's Estate, 244 Pa. 350, in the facts and the matter decided, is very much in point. Quoting from the syllabus: "A testatrix executed two wills on different dates, and thereafter a codicil to the later will. The later will could not be found after testatrix's death and the earlier will and the codicil to the later will were admitted to probate. So much of the decree of the register of wills as admitted to probate the earlier will was not appealed from, but the validity of the codicil was questioned: Held, that the codicil to the later will, though disposing of the entire estate, could not be probated as testatrix's will, the existence of another testamentary paper as the will of the testatrix having been established by a decree which was not appealed from, and the codicil could not be probated as a codicil to the earlier will, in the absence of evidence that the testatrix intended the instruments to be associated as her will."

With these facts before the Supreme Court, they held: "The will of 13th December, 1892, has been probated as testatrix's last will and testament; that adjudication has remained unappealed from for more than three years and the end of the controversy as to it has been reached. It could not be superseded by the last will if recovered: Cochran v. Young, 104 Pa. 333. . . . If it was a last will, self-sustaining, then the will of 13th December, 1892, was not a last will and should not have been admitted to probate; but it has been probated, an adjudication unappealed from."

*Terry's Estate.*

This last authority ought to set at rest any lingering doubt as to the conclusive effect and finality of this solemn act of the register, acquiesced in by all parties in interest until it became in law a judicial decree.

Our conclusion is that Marvin Henry Terry, as to the rights of his creditors, died seized of 103½ acres of land, which includes the 80 acres in dispute. Having found that a sale of his realty in parcels and in exclusion of the said 80 acres was prejudicial to the value of the same as an entirety, and, therefore, detrimental to the interests of said creditors, the order of sale should have included all of his realty, or so much thereof as was necessary to pay his debts.

The order was based upon the facts presented in the petition. It follows that the petition should be amended to include all of said land, and the order of sale should be modified in accordance therewith. Accordingly, the rule to vacate said order of sale should be made absolute.

*Order.*—Now, Sept. 8, 1925, rule to vacate order of sale is made absolute.

From Otto Kohler, Meadville, Pa.