## MEREDITH'S ESTATE.

Where a testator by his will authorizes his executors to sell and convey real estate, and the executor dies or renounces the trust, and an administrator *de bonis non cum testamento annexo* is appointed, he has the same authority as that of the executors, and has the same power to execute the will, and can sell and convey the real estate. And where the will expressly requires that both executors shall agree to the sale, the same power is given to the administrator with the will annexed; he possesses all the authority that both could derive from the will.

*April* 27. THIS case came before the Court on a petition presented by Joseph D. Meredith, setting forth that his father, William Meredith, Esq., deceased, by his last will and testament, duly proved in the Register's office in Philadelphia, among other things, did direct as follows, to wit: "I hereby authorize and empower my executors hereinafter named, or any two of them who may be acting as such, and the survivors or survivor of them, to grant, bargain, sell, and convey all or any and every part and parcel of my estate aforesaid, whether held by me in trust or not, to any person or persons, for any price or prices which to them shall seem meet, by public or private sale, without any obligation on the part of the purchaser or purchasers, to see to, or be in any way responsible for, the application of the purchase-money thereof."

The petition further stated that all the executors named in the will had renounced, and that administration with the will annexed had been granted to Eli K. Price, Esq. That the testator left real estate in Philadelphia and elsewhere; that the petitioner was one of the devisees under the will of the testator, and was desirous that said real estate should be sold; and that he had requested the administrator with the will annexed to make sale thereof, and distribute the proceeds according to law and the terms of the will. He therefore prayed that a citation might be awarded to the said administrator to appear and show cause, if any he had, why he should not proceed and make sale of said real estate. A citation was issued, and Mr. Price appeared and filed his answer.

The answer admitted the facts set forth in the petition; and set forth that a deference to the views of some of the legatees under the will had induced a delay in the sale, designing to await an improvement in the prices of some of the real estate; and suggesting a doubt whether the power in the will devolved on the administrator; but that he did not himself entertain such a doubt, but submitted the matter for the determination of the Court, with

55      2 O

a request that instructions should be given as to the discharge of his duty.

The case was submitted without argument on the petition and answer.

The following opinion of the Court was delivered by

KING, President.—That the devise in this will vested the legal estate in the executors of William Meredith, is a proposition which is indisputable: Allison *v.* Wilson, 13 S. & R. 322; Menow *v.* Brenizer, 2 Rawle, 185; Allison *v.* Kurtz, 2 Watts, 185; Miller *v.* Meetch, 8 Barr, 425; Alexander *v.* Murray, 8 Watts, 504; and so far as respected the devisees, the executors, in the execution of the power, could have conveyed to a *bonâ fide* purchaser an infeasible title in fee-simple. The interest of the devisees was in the execution of the trust, unless, the debts of the testator being fully paid, they had all united in electing to take the land devised *as* land, and thus converted their interest into realty. But could this power be executed by an administrator with the will annexed in a case where, like the present, the executors refused to take upon themselves the execution of the trust? This depends upon the true construction of our Acts of Assembly enacted to meet such emergencies. By the Act of the 31st of March, 1790, § 4, it was declared "that when, by the last will and testament of a decedent, a naked authority only to sell lands, &c., shall be given to executors, they shall hold the same interest in such lands, &c., and shall have the same powers and authorities respecting the same as if such lands, &c., were devised to them to be sold." By the Act of the 12th of March, 1800, this power was further defined, and extended to embrace, among others, cases where lands were devised to executors to be sold, or where authority was given to executors to make sales of land; and where one or more of the executors had refused to execute the trust, or had renounced his executorship. In which cases authority was given to the acting executors to execute the trust. It was further provided by the 3d section of this Act, that where all the executors of such a will were deceased, or refused or renounced, and letters of administration with the will annexed had been granted, that the administrators with the will annexed should have as full power to sell and convey the land devised or directed to be sold as was possessed by the executors named in the will. The 13th and 14th sections of the revised Act of 1834, re-enact these provisions of the Act of March, 1800, except those embraced in the 3d section, in reference to which they are entirely

silent, neither supplying nor directly repealing it. But by the 67th section of the Act of 1834, it is declared that "all and singular the provisions of this Act relative to the *powers, duties,* and *liabilities* of executors are hereby extended to administrators with the will annexed." This section was clearly intended to supply, among other things, the 3d section of the Act of 1800, the provisions of which the revisors preferred introducing in this general form, in one of the concluding sections of the revised statute. In their report, they refer to the 3d section of the Act of 1800, as embraced by this section, and declare that for the sake of brevity, they have introduced this general provision, placing administrators with the will annexed on the same footing in every respect with executors. But if it could be successfully contended that the provisions of the 3d section of the Act of 1800 are not embraced within the enactments of the revised Act of 1834, then the former must still remain in full force. For the repealing clause of the Act of 1834 only extends to acts thereby altered or supplied. If, therefore, the Act of 1834 repeals that of 1800, it supplies its provisions; if it does not, then the Act of 1800 remains in full vigour. The circumstance that the testator requires two of his executors at least to concur in the sale of his real estate, has no influence on the question of the capacity of the administrator with the will annexed to execute the trusts of the will. He succeeds by virtue of his office to all the unexecuted powers of his predecessors in the trust, whether the latter were few or many. He neither supplies the place of one nor two, but of all, and possesses the authorities enjoyed by them all. In the opinion of the Court, the administrator with the will annexed of William Meredith, deceased, has the power to make the sale of this estate required by the petitioner, and it is his duty to proceed to do so.