# Keefer *versus* Schwartz.

*Creation of life estate by will with power of appointment, discussed.—Effect of marriage contract on estate of wife held by devise.—Powers of administrator with the will annexed.*

1. Where a husband by will devised his real and personal estate to his wife for life, with power to dispose of the residue after the payment of specific legacies by her will: and the wife by will directed her executors to sell her house and lot, the only real estate acquired under his will, or of which he died seised, or to which she had any title: the direction for the sale in her will was a proper execution of the power.

2. The second marriage of the widow of the testator, and a pre-contract by her not to claim dower in her intended husband's lands, had no effect upon

her title under the will of her first husband: for if she took but a life estate, the second husband had no interest therein after her death: and if a fee, his refusal to claim under her will and election to take under the intestate laws, was a waiver of his claim, and estopped him from claiming an interest therein.

3. Where the executors of the will of the wife, of whom her second husband was one, renounced, *held*, that the administrator with the will annexed had the same power to sell the property devised which the executors would have had if they had not renounced, and that his deed passed to the purchaser a valid title therefor.

ERROR to the Common Pleas of *York county*.

This was an amicable action in debt entered in the court below, in which David Schwartz, administrator with the will annexed of Sarah Felty, deceased, for the use of the parties legally entitled, was plaintiff, and Stephen Keefer was defendant, and in which the following case was stated for the opinion of the court:—

Henry Grove, of Spring Garden township, York county, was seised of two small tracts of land lying near to each other, in said township, containing together about twenty-eight acres, the one piece about twenty-four acres, the other about three acres, being woodland, and being seised thereof, on the        day of February, A. D. 1856, made his last will and testament, which after his death was duly admitted to probate by the Register of York county, which will is hereunto annexed and made a part of this case.  After said will was executed, said Henry Grove sold said two tracts of land in Spring Garden township, for $6000, and moved to Hanover, York county, and bought the house and lot and half-lot of ground, situate in Hanover, York county, the subject of controversy in this suit, and died seised thereof in fee.

On the 8th day of March, A. D. 1859, Henry Felty and Sarah Grove, widow of said Henry Grove, deceased, entered into a marriage contract, a copy of which is hereunto annexed and made a part of this case.  After which, said Sarah Grove intermarried with said Henry Felty.

On the        day of April, A. D. 1860, said Sarah Felty executed her will, which after her death was duly admitted to probate by the Register of York county, which will is hereunto annexed and made a part of this case.  Henry Felty and John H. Aulabaugh, the executors named in said will of Sarah Felty, renounced, and letters of administration with the will annexed were duly granted to David Schwartz, the plaintiff in this suit. Said Henry Felty declined and refused to accept under the provisions of said will, and claimed his share under the Acts of Assembly of this Commonwealth.

It is admitted Henry Felty claims no interest in the house and lot and half-lot of ground sold to defendant in this suit, and so informed said defendant.  Henry Grove, at the time of making

said will, was seised of no other real estate than that lying in Spring Garden township, hereinbefore mentioned, and at the time of his death of no other than the house and lot and half-lot of ground in Hanover. The inventory of his personal estate at the time of his death amounted to $12,218.07. Henry Grove never had any children, his heirs at law being a brother and nephews and nieces at the time of his death. Sarah Felty never had any children, and at the time of her death had no other real estate, nor power to devise any other than that devised to her by the will of her late husband, Henry Grove, as therein devised to her. Her personal estate, other than what she is entitled to under said will, being savings out of interest, amounts to about $978.54. She, said Sarah, before her death, also gave up the notes in favour of Henry Grove, for $1060, and received notes therefor in her own name.

After letters of administration with the will annexed on the estate of said Sarah Felty, deceased, were duly granted to said David Schwartz, he advertised and sold said house and lot and half-lot of ground in Hanover aforesaid, to said Stephen Keefer, for the sum of $2125, and tendered him a deed therefor with the proper revenue stamps thereto attached and cancelled, which deed is hereunto attached and made part of this case.

Stephen Keefer, said defendant, declined to accept said deed, because, as he alleged, the said real estate would not be thereby transferred to him.

If the court should be of the opinion, under the facts above stated, that the said property would be by said deed conveyed to said Stephen Keefer in fee, then judgment to be entered for the plaintiff for the use aforesaid for said sum of $2125, the purchase-money of said property.

If, however, the court should be of the opinion that the said house and lot and half-lot of ground would not be vested in said Stephen Keefer by said deed, if delivered, then judgment to be entered for the defendant for costs.

The will of Henry Grove, after directing the payment of his debts and funeral expenses, proceeded as follows :—

"Also—I give, bequeath, and devise unto my wife Sally Grove all my property and estate, real and personal, rights and credits whatsoever may belong to me at the time of my decease, to be absolutely her own for and during her life, giving her full pewer to collect and receive all or any debts due me or to become due at her pleasure, if in any case or cases it may be necessary to bring suits she may order it to be done in the name of my executor for her use, being herself responsible for costs, if any. And all or any residue of my estate over and above the special legacies hereinafter bequeathed, she may dispose of by her will, together with such estate as she may acquire as her own. She

[Keefer *v.* Schwartz.]

may sell the real estate or any part thereof, and execute the necessary title therefor, which shall be as good to the purchaser as if made by myself in my lifetime, but shall always keep as much secure as will pay the legacies herein bequeathed, and her estate shall be liable for the amount, to be paid after her death."

Then followed four specific legacies, amounting to $3500. After which the testator continued:—

"All the above legacies specified to be paid to said legatees or their legal representatives, as soon after my wife's death as can conveniently be. If there should not be sufficient assets to pay the said specific legacies, they shall receive proportional parts, so far as the assets will reach, as full satisfaction. By this I mean that if my wife Sally Grove should not have enough over and above the amount of the above legacies to live comfortably, she may take or appropriate as much of my estate as she may from time to time deem necessary for her comfortable living, and in that case my legatees hereinbefore named shall be satisfied with their proportional parts of what may be left, or if she should require the whole of said amount of legacies for her comfortable living, said legatees must be satisfied without receiving any part thereof. But she cannot by her will bequeath to others any portion or all said amount of legacies by me herein bequeathed; she can only use said amount of legacies or such part thereof as she may have need for her comfortable living during her life."

Then followed the appointment of an executor, and the will concluded in the usual form.

The marriage contract between Henry Felty and Sarah Grove was as follows:—

"This indenture, made between Henry Felty, of Union township, Adams county, and state of Pennsylvania, of the one part, and Sarah Grove, widow, of Hanover, York county, and state aforesaid, of the second part. Whereas, the said Henry Felty is seised of certain real estate in said county: And whereas, a marriage is intended shortly to be had and solemnized between the said Henry Felty and the said Sarah Grove, upon the contract of which marriage the said Sarah Grove hath agreed that if the same shall take effect, then, notwithstanding the said marriage, she, the said Sarah Grove, her heirs, executors, administrators, and assigns, shall not intermeddle with, or have any right, title, or interest, either in law or equity, in or to any of the rents, issues, and profits of said land, nor any dower of thirds, under the intestate laws of this commonwealth, in and to said land, issues and profits of said land, or any other lands or real estate which said Henry Felty may acquire by purchase or descent whatsoever, during said coverture, or upon the death of said Henry Felty. And the said Sarah Grove, in consideration of one dollar to her in hand paid by said Henry Felty, as well

[Keefer v. Schwartz.]

as in consideration of the premises, doth hereby relinquish all claim, demand, and interest in and to all real estate which said Henry may now be seised of, or which he may be seised of at the time of his decease, and all dower or thirds and all interest and claim, dower or thirds, which she could or may or might have in and to any real estate of which said Henry may be seised of at the time of his decease, if she should survive him. And the said Sarah Grove · doth hereby bind herself, and agrees that said Henry Felty shall have full permission and right to sell and dispose of, either by deed or his last will and testament, any and all real estate which he now owns or which he may hereafter acquire in any manner whatsoever, notwithstanding the ·said marriage of said parties. It is hereby fully agreed and declared, that said Henry Felty shall have as full control, power, and right to do with any and all real estate which said Henry Felty may now be seised of, or which he may acquire during the said contemplated marriage, as if he were single and no marriage had taken place, and to dispose of the same by deed or will as freely and effectually during said coverture as if no marriage had taken place, so that said Sarah Grove (after said marriage), her heirs, executors, and administrators, cannot claim or demand any dower or thirds, or any interest whatsoever in any real estate during said coverture or at his decease, in case she should survive him.

"Witness our hands and seals, this 8th day of March, A. D. 1859.

"Acknowledged before George E. Bringman, a justice of the peace for Adams county, on the 8th day of March 1859, and recorded."

The will of Sarah Felty was as follows:—After directions in relation to her debts, funeral expenses, and burial, it contained the following proviso:—

"I direct my executors to sell my house and lot after my death to the best advantage as soon as may be, either the house with half the lot, separate, or else the whole together, as they may find it best to sell for the highest price."

After disposing of her clothing, and directing the balance of her real and personal estate to be divided among her twenty-three nephews and nieces, she added—

"All my estate, real, personal, and mixed, I so bequeath as above mentioned, and authorize my executors to make and execute good and sufficient titles for any real estate they may sell, the same as I myself could if living, for what they sell after my death."

Then followed the appointment of the executors, and the usual formal conclusion.

The deed of plaintiff recited the will of Henry Grove, the marriage contract between his widow, Sarah Grove, and Henry

[Keefer *v.* Schwartz.]

Felty, her will as above given, the renunciation of Henry Felty and John H. Aulabaugh, who had been named therein as executors, the appointment of David Schwartz, and the public sale of the property by him after due legal notice, and then conveyed the property to Stephen Keefer in the usual form.

The court below (FISHER, P. J.) filed the following opinion :—

" April 29th 1864. This case having been this day argued, and an immediate decision asked by counsel, so that it may be reheard by the Supreme Court at its next session, which will commence in a few days, upon the impressions received from the argument, and without further consideration, we render judgment for the plaintiff for $2125 for the use of David Schwartz, executor of Henry Grove, deceased. Being of opinion that under the will of her husband, Mrs. Grove took only a life estate with a power of appointment, and that the direction in her will ' that my executors sell my house and lot after my death,' is an execution of the power, she having no title or claim to any other real estate than that acquired by the will of her husband ; said houses and lot being the only real estate that her husband died seised of."

Which was the error assigned.

*S. H. Forry*, for plaintiff in error.

*V. K. Keesey*, for defendant in error.

The opinion of the court was delivered, May 26th 1864, by

STRONG, J.—It matters not to a decision of this case, whether Mrs. Felty took an estate in fee, in the house and lot, under the will of her first husband, or only an estate for life with a power to dispose of the property by will, for if it was the latter, the power was well executed. It is true her will does not expressly refer to the will of her husband, nor to the power given by it, but it refers to the estate over which the right to exercise the power was conferred. She died seised of no other real estate upon which her will could operate, either as a devise or an appointment. If, then, she had but a life estate, with a power of appointment by deed or will, the direction to her executor to sell the house and lot must fail, if it does not take effect as an execution of the power. But a will is always to be so construed, that it shall take effect in all its parts, if possible. It is always presumed, that a testator intends to insure to his devisee the thing devised. Hence the general rule, that if he has only a power, and not a devisable estate, his devise shall be considered an execution of the power, though it be not referred to in the words by which the gift is made. It is said, indeed, that there must be an intention to execute the power, but the existence of

[Keefer *v.* Schwartz.]

such an intention is inferred from the gift of property which the testator was incapable of giving, except in execution of the power. Now, the case stated finds, that the house and lot came to the testatrix under the will of her husband, either in fee or for life, with a power of disposition by will, and that she had no other real estate, or power to devise any other real estate. Her will then refers directly to the subject over which she had the power. Her intent that the property should go to the vendee of her executors is plain, and, therefore, her intent to execute the power, of which she was a donee, is equally plain, if its execution was necessary to give effect to her principal intent.

The marriage contract of Mrs. Felty with her second husband has no effect upon the case. If she took but a life estate under the will of her first husband, the second could have no interest in the property after her death; and, even if she took a fee, the second husband is estopped from asserting any claim.

It remains only to add, that the administrator with the will of Mrs. Felty annexed had the same power to sell the house and lot which the executors named would have had, if they had not renounced. The executors were not made testamentary trustees of the property. They were directed to sell for distribution. Their duties and powers were official, by virtue of their office. When they renounced, their duties and powers devolved upon the administrator with the will annexed, by virtue of the 3d section of the Act of March 12th 1800, continued in force by the Act of 20th February 1834. See Meredith's Estate, 1 Parsons 433.

It follows, that the deed offered to the defendants below conveys a good title when delivered, and the judgment was therefore right.

Judgment affirmed.