# Neill's Estate.

*Wills—Revocation—Subsequent marriage—Act of April* 8, 1833, *P. L.* 249.

A paper testamentary in character executed by an unmarried woman is revoked as a will by her subsequent marriage.

*Will—Power of appointment—Intention of donee—Deed of settlement— Trust and trustee.* ·

The intention of the donee of a power is the true criterion to determine its execution. But this intention must appear in the instrument itself.. In Pennsylvania the rule is, that the instrument must refer to the power to be executed, or actually dispose of the subject of it. When the donee of a power refers to it, or when he disposes of the subject of it by such a description as identifies it, the intent to execute it is free from uncertainty.

An unmarried woman made a deed of trust placing one-half of her estate in the form of a spendthrift trust. She provided that after her death in default of issue or children, her estate was to go to such uses as she should by her last will and testament, or writing in the nature thereof, direct and appoint. Subsequently, she made a will by which after bequeathing certain legacies she directed that all the rest of her money should be given to her husband or the man who was to be her husband, naming him. Shortly afterwards she married the man designated in the will, and in a few months afterwards died without issue. *Held*, that the paper signed as a will was revoked as a will by the subsequent marriage, and that the paper, even if considered as in the nature of a will, lacked an essential to the execution of a power because not showing the intent of the person attempting to execute it, and that there was no valid exercise of the power of appointment over the portion of her estate covered by the deed of trust.

MITCHELL, C. J., dissents.

Argued April 2, 1908. Appeal, No. 97, Jan. T., 1908, by George Lewis Mayer, from decree of C. P. No. 3, Phila. Co., June T., 1906, No. 2,305, dismissing exceptions to auditor's report In re Account of Fidelity Trust Co., Trustee under Deed of Trust dated May 23, 1902, executed by Julia Macalester Neill, who afterwards intermarried with George Lewis Mayer, and died August 4, 1904. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of John C. Sheahan, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's
report.

*Charles Biddle*, with him *H. Alan Dawson*, for appellant.—
The fact that this will was made void by her marriage within
two days does not affect its validity as an instrument exercis-
ing the power of appointment: Barnes v. Irwin, 2 Dallas, 199;
White v. Hart, 1 Yeates, 221; Osgood v. Bliss, 141 Mass. 474
(6 N. E. Repr. 527); Heath v. Withington, 60 Mass. 497; 1
Jarman on Wills, 6 Am. ed. (1893) p. 111; Lant's App., 95
Pa. 279.

The power of appointment was properly executed: Porter
v. Turner, 3 Serg. & Rawle, 108; Wetherill v. Wetherill, 18
Pa. 265; Coryell v. Dunton, 7 Pa. 530; Graeff v. DeTurk, 44
Pa. 527; Allison v. Kurtz, 2 Watts, 185; Jacob's Est., 140 Pa.
368; Garman v. Glass, 197 Pa. 101; Ashburner's Est., 33 W.
N. C. 131; Attorney General v. Wilkinson, L. R. 2 Eq. Cas.
816; 1 Sugden on Powers, 417; Warner v. Life Ins. Co., 109
U. S. 357; Keefer v. Schwartz, 47 Pa. 503.

The will in this case is assisted in its interpretation by the
act of 1879: Ashburner's Est., 33 W. N. C. 131; Thompson
v. Garwood, 3 Whart. 287; Aubert's App., 109 Pa. 447.

*H. Gordon McCouch*, with him *John Marshall Gest*, for
appellees.—Act of June 4, 1879, P. L. 88, relates only to the
execution of powers over real and personal estate created by
will.

The will of a single woman is no doubt absolutely revoked
by her subsequent marriage and it is no longer a will for any
purpose: Fidelity Trust Co.'s Appeal, 121 Pa. 1; Lant's Ap-
peal, 95 Pa. 279; Craft's Estate, 164 Pa. 520.

In order that an instrument may amount to an exercise of
a power of appointment, it must either expressly purport to
operate as such or the intention that it shall so operate shall
be clearly manifested in the instrument itself: Wetherill v.
Wetherill, 18 Pa. 265; Bingham's Appeal, 64 Pa. 345; Moss
v. Penna. Co., 12 Phila. 474; Aubert's Appeal, 109 Pa. 447.

OPINION BY MR. JUSTICE POTTER, June 23, 19.08:

On May 23, 1902, Julia Macalester Neill made a deed of trust for the purpose of putting one-half of her estate in the form of a spendthrift trust. She provided that after her death, in default of issue or children, the estate was to be conveyed " to such uses and for such estate or estates as the said grantor by any deed or by her last will and testament or writing in the nature thereof shall direct, limit and appoint and in default of such deed, will or other appointment, then to grant, assign and convey the same to such person or persons and for such estates and in such parts or shares as would be entitled to the same by the intestate laws of the Commonwealth of Pennsylvania if said grantor had died seized and possessed thereof absolutely and in fee."

On May 3, 1904, Miss Neill made the following will:

" When I die I want my money left as follows: Five thousand to my cousin Neill Wolfe. Five thousand to S. Clements Church, one thousand of which to be given by them to missions. Three thousand to be paid yearly to my aunt, Matty D. Neill until her death when the capital shall go to my husband. All the rest of my money to be given to my husband (or the man who is to be my husband) George Lewis Mayer. I want him (my husband) to see that Mrs. Haas is never in want and to give her one hundred ($100) for me.

" JULIA M. NEILL."

On May 5, 1904, she was married to George Lewis Mayer; on August 4, 1904, she died without issue. The auditor and the court below held that the power of appointment reserved by the deed of trust, was not exercised. Clearly the paper signed by Miss Neill on May 3, 1904, is not her will; for, under the provisions of section 16 of the Act of April 8, 1833, P. L. 249, it must be deemed to have been revoked by her subsequent marriage. And, as the court below points out, even if it be considered as a paper in the nature of a will, yet it lacks an essential to the execution of a power, in that the paper itself does not show the intent of the person attempting to execute the power. The language relied on to sustain the appointment is: " All the rest of my money to be given to my husband (or the man who is to be my husband) George Lewis

Mayer." There is an entire absence of any reference to the power which it is claimed she intended to exercise, and there is no description of the property which would identify it with that included in the trust deed. In Bingham's Appeal, 64 Pa. 345, Justice AGNEW said (p. 349): "It may be admitted that the intention of the donee of a power is the true criterion to determine its execution. But this intention must appear in the instrument itself. In Pennsylvania the rule is, that the instrument must refer to the power to be executed, or actually dispose of the subject of it: Wetherill v. Wetherill, 18 Pa. 265; Thompson v. Garwood, 3 Whart. 287; Mekonkey's Appeal, 13 Pa. 253; Keefer v. Schwartz, 47 Pa. 503; Commonwealth v. Duffield, 12 Pa. 277; Heffernan v. Addams, 7 Watts, 116. When the donee of a power refers to it, or when he disposes of the subject of it by such a description as identifies it, the intent to execute it is free from uncertainty." But both of these requirements are lacking in the present case. Nor can it be said that the paper is meaningless unless it be held to refer to the trust estate; for it seems that only one-half of Miss Neill's estate was put into the trust, and she had at the time of her death a considerable estate, which was subject entirely to her own personal control and disposal, outside of that which had been placed in trust. We see no reason why the paper in question may not be regarded as an intended disposition of her property which was not included in the trust.

As the Act of June 4, 1879, P. L. 88, providing for the execution of powers over real and personal estate by the person in whom such powers are vested, is limited in its operation to the execution of powers by will, it does not aid in any way the contention of counsel for appellant.

The specifications of error are overruled.

The decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.

MITCHELL, C. J., dissents.