## Shoch's Estate (No. 1).

*Wills—Power of appointment—After-born child—Implied revocation—Intestacy—Presumption—Act of June 4, 1879, P. L. 88.*

1. The birth of a child after the date of a will, which would otherwise operate as the exercise of a power of appointment, annuls such operation as far as the interest of the child is concerned.

2. Where a parent, who has a power of appointment, makes a will in which he exercises the power, and a child is thereafter born to him, the courts must look to the instrument, creating the power of appointment, in order to ascertain the interest of such child.

3. Where a father gives a power of appointment by will to his son, and directs that if the son dies intestate, the fund from which he derives income shall go to the latter's children, and the son makes a will exercising the power of appointment, and thereafter a son is born to him who is his only child, such child upon his father's death takes the entire fund under his grandfather's will. Huddy's Est., 236 Pa. 276, distinguished.

4. The Act of June 4, 1879, P. L. 88, which creates a presumption of intention to exercise a power of testamentary appointment, does not change the statutory doctrine of implied revocation, arising from an after-born and unprovided-for child.

Argued May 4, 1921. Appeal, No. 213, Jan. T., 1921, by Germaine S. Shoch Lentz, residuary legatee, from decree of O. C. Phila. Co., April T., 1918, No. 636, dismissing exceptions to adjudication, in estate of Henry R. Shoch, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J. Before HENDERSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Germaine S. Shoch Lentz, residuary legatee, appealed.

*Error assigned,* among others, was decree, quoting it.

*Walter L. Shepard* and *W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellant.—The exercise of the power of appointment was wholly unaffected by the after-birth of a child to the donee of the power: Huddy's Est., 236 Pa. 276; Hinnershits v. Bernhard, 13 Pa. 517.

The exercise of the power of appointment affected, if at all, only pro tanto the interest of the after-born child, under the intestate laws: Young's App., 39 Pa. 115; Newlin's Est., 209 Pa. 456; Walker v. Hall, 34 Pa. 483; Jones's Est., 211 Pa. 364.

*Edgar S. McKaig,* for appellee, cited: Coates v. Hughes, 3 Bin. 498; Edward's App., 47 Pa. 144; Robeno v. Marlatt, 136 Pa. 35; Newlin's Est., 209 Pa. 456; Randall v. Dunlap, 218 Pa. 210; Armstrong's Est., 2 Pa. C. C. R. 166; Perry's Est., 4 Pa. C. C. R. 107.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, July 1, 1921:

Henry R. Shoch died on February 10, 1917, leaving to survive him three children, but no wife; by his will, dated November 16, 1916, he provided thus, as to the part of his estate with which we are here concerned: "Upon the death of any of my three children, that part and portion of the principal of my residuary estate from which such child received the income......shall be paid, transferred and conveyed by my trustee or trustees to such person or persons and in such proportions as said child may by his or her last will and testament in writing limit and appoint. And, in default of such appointment, then the said part and proportion of the principal of my residuary estate from which said deceased child had been paid the income during his or her life shall be paid, transferred and conveyed unto such of my grandchildren who shall then be alive, absolutely and per stirpes."

The decedent's children at the time of his death consisted of two daughters, Nettie A. Shoch, spinster, and

Bessie Clair Shoch Neel, the wife of Percy L. Neel, and a son, James R. Shoch.

James R. Shoch died, testate, January 7, 1918, leaving a widow, Germaine S. Shoch, and one child, James R. Shoch, Jr., who was born on January 9, 1917, subsequent to the date of his father's will, which was made October 30, 1913. After directing payment of debts, James R. Shoch gave his entire estate to his wife, the appellant.

Stephen S. Simon was appointed guardian of the estate of James R. Shoch, Jr., and, at the adjudication of the account of the surviving executor of Henry R. Shoch, deceased, he claimed that the birth of his ward, subsequent to the date of the will of the latter's father, invalidated the father's will, so far as the after-born child's interests are concerned; he further contended that James R. Shoch, Jr., was entitled to take the whole portion of the residuary estate of Henry R. Shoch, deceased, from which his father, James R. Shoch, had received the income, as though the latter had made no appointment thereof.

On the other hand, Germaine S. Shoch claimed that James R. Shoch had validly exercised his power of appointment in her favor, and the birth of James R. Shoch, Jr., subsequent to the date of the will of her husband, did not invalidate the latter as an exercise of the power, or, if at all, then only pro tanto.

The orphans' court overruled the last mentioned contentions and awarded the fund in controversy to the guardian of the minor child. While the case presents some nice points of law, we think them correctly solved.

Section 21 of the Wills Act of 1917, P. L. 403, 410, provides: "When any person, male or female, shall make a last will and testament, and afterward shall marry, or shall have a child or children not provided for in such will, and shall die, leaving a surviving spouse and such child or children, or either a surviving spouse or such child or children, although such child or children be

born after the death of their father, every such person, so far as shall regard the surviving spouse, or child or children born after the making of the will, shall be deemed and construed to die intestate; and such surviving spouse, child, or children shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if such person had actually died without any will."

Fortunately, there is a recent construction of the legislation just quoted, that accords with the view taken by the court below, and furnishes a key to the difficulties involved in this case, which might have been used to advantage, had the authority in question been called to the attention of that tribunal. We refer to Shestack's Est., 267 Pa. 115, where a woman married, after making her will, and a surviving husband claimed, out of her estate, the $5,000 allowed by the Act of June 7, 1917, infra. We there said, speaking of section 21 of the act here involved, that it provides, "Where any person, male or female, shall make a last will and testament and afterwards shall marry, and shall die, leaving a surviving spouse, so far as shall regard the surviving spouse, [the testator] shall be deemed and construed to die intestate, and such surviving spouse shall be entitled as if such person had actually died without any will," adding, "By the marriage of the testatrix to the appellee the will, as to him, was annulled—there was an actual intestacy as to him, in view of the provisions of the Wills Act."

The Intestate Act of June 7, 1917, P. L. 429, as amended by the Act of July 11, 1917, P. L. 755, section 2, provides that, in "cases of actual intestacy," a surviving husband, under the circumstances detailed in the act, shall be entitled to $5,000 out of his wife's estate; and, in Shestack's Est., the husband was awarded such $5,000, on the ground that "as to him" his wife's will "was annulled" and she had died intestate. When this principle is applied to the case now before us, it is plain that, as

to James R. Shoch, Jr., the minor child born after the making of his father's will, the will of the latter was annulled, and, with respect to such after-born child, the father died intestate.

So far as the individual estate of the minor's deceased father is concerned, of course the child takes only the proportion thereof which belongs to him under the intestate law, as provided in the above quoted section of the Wills Act; but, with relation to the property of the grandfather, Henry R. Shoch, over which James R. Shoch had power of appointment, when we determine that the latter died intestate as to his son, we must then look at the will of Henry R. Shoch to see what he provides in case of such an intestacy, in order to determine the present interest of the minor child.

In Young's App., 39 Pa. 115, 116, 118, a woman placed an estate in trust, reserving the right of testamentary disposition, and providing that, in default of appointment, the property should go to the settlor's heirs; after she made a will, a child was born to her, who was not provided for. In holding that the will was annulled as to this child, we said: "The will is set aside wholly or partially because the law presumes that it does not express the final intention of the testator [testatrix], and this reason of the law takes no notice of whether the power to make the will comes from public law or from private contract." If we strike from the matter just quoted the phrase "private contract," and substitute therefor the words "a privately conferred power of appointment" (which, on principle, may be done), we have a ruling that the birth of a child, after the date of a will, which otherwise would operate as the exercise of a power of appointment, annuls such operation: see also McClure's Est., 173 N. Y. S. 206, 105 Misc. R. 347.

Young's Appeal is likewise authority for the statement made above that, when an intestacy as to the after-born child is found, we must look to the instrument creating the power of appointment, in order to ascertain the

interest of such child. It is there said (pp. 119-20) : "We must declare this a case of intestacy, so far as relates to the appellant, a son of the testatrix born after the making of her will; then, looking back at the articles of nuptial settlement, we find they provide that, in case of intestacy, the trustees shall hold the property for her legal heirs......; it follows therefore, and from the fact that she had but one other child, that she is intestate of one-half of her estate, and that that one-half goes ......for the use of the appellant [the minor child]." Had the after-born child in Young's Appeal been given the whole estate over which the power existed, no doubt the pro tanto intestacy as to the child would have been held, in effect, to extend to the entire estate, as in the present case.

Here, when we look at the will of Henry R. Shoch, deceased, we find it provides that, in case his son James R. Shoch shall die intestate, the fund in question shall go to the latter's children; and, as James R. Shoch did die intestate so far as James R. Shoch, Jr., is concerned, since the latter is the only child surviving his father, it follows that this grandchild takes the entire fund, under the terms of his grandfather's will.

A more elaborate discussion of the testamentary provision, in the will of Henry R. Shoch, deceased, providing for the disposition of his residuary estate to his "grandchildren," in the event of his children failing to appoint their respective shares, will be found in another opinion, this day filed on the appeal of the Commonwealth Title Insurance & Trust Company, guardian for the Neel minors (the next case) ; and this is why, in the paragraph immediately above, we merely state our conclusion concerning the effect of that part of the will so far as it relates to grandchildren.

There is nothing in the decision of the court below, or in this opinion, contrary to our ruling in Huddy's Est., 236 Pa. 276, 281-2. Here, as there, the person to whom the fund is awarded received the property in question "under and by virtue of the original will creating the

power." In Huddy's Estate a husband elected to take against the will of his wife, and our decision, concerning the property which, under those circumstances, he was entitled to receive, is therein expressly made to rest upon section 1 of the Act of May 4, 1855, P. L. 430. This statute, in terms, confines its operation to the individual estate of the testator, and we said that the taking against the will is not viewed in law as necessarily rendering the decedent intestate; whereas, as previously shown, Shestack's Estate, supra, decides that the marriage of a testator (or the birth to him of a child), after the making of his will, creates, as to the surviving spouse (or afterborn child) an actual intestacy. This is the distinction which must be kept in mind, when considering Huddy's Estate in connection with the present case.

In the case at bar, one act of assembly, that of June 4, 1879, P. L. 88, created a presumption of intention on the part of James R. Shoch to execute the power given him by the will of Henry R. Shoch; while, under our statutory doctrine of implied revocation, arising from an after-born and unprovided-for child, a counter conclusive presumption arises that James R. Shoch did not intend to exercise the power as far as concerns the after-born child, James R. Shoch, Jr. Therefore, the power has never been exercised, for the Act of 1879 has not changed the last-mentioned statutory doctrine in the least; consequently, the appellee takes under the will of his grandfather.

Before closing this opinion, since the will of James R. Shoch contains a direction to pay debts, it may be well to add that the court below states the award was made directly to the guardian of James R. Shoch, Jr., because it was proved that the estate of James R. Shoch "had been settled and all debts paid."

This appeal has been well presented; but, after considering the enlightening arguments of able counsel, we are not convinced of error.

The decree is affirmed; the costs to be paid out of the fund in controversy.