## Lintner's Estate.

Argued May 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John E. Malone,* for appellant, cited: Fidelity Trust Co.'s App., 121 Pa. 1; Shoch's Est., 271 Pa. 158.

*Harry L. Raub, Jr.,* for appellee, was not heard.

OPINION BY MR. JUSTICE SADLER, July 1, 1929:

Laura M. McNaughtan made a last will and testament on November 30, 1926, devising her entire estate to Charles W. Lintner, whom she married on January 25, 1927. She died childless on the 28th of May following, and letters testamentary were in due course granted to her husband, named as executor, who asserted his right to the entire estate, under the terms of the will, upon adjudication of the final account filed. The collateral heirs presented a claim as next of kin, contending that the legacy was revoked by the subsequent marriage, thus rendering ineffective the testamentary disposition of the estate, and making necessary the division of the property in accordance with the intestate laws. The demand is based upon appellant's construction of the 21st section of the Wills Act of 1917 (Act June 7, 1917, P. L. 403), which provides that "When any person, male or female, shall make a last will and testament, and afterward shall marry, or shall have a child or children not provided for in such will, and shall die, leaving a surviving spouse and such child or children, or either a surviving spouse or such child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the surviving spouse, or child or children born after the making of the will, shall be deemed and construed to die intestate; and such surviving spouse, child, or children shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if such person had actually died without any will." This provision is a repetition of the 15th section of the Act of 1833 (April 8th, P. L. 249), modified, however, so as to make the law the same with regard to women as to men.

As said by the commissioners, who drafted the Wills Act: "The history of our legislation upon the subject is reviewed by Judge PENROSE in Fidelity Trust Co.'s App., 121 Pa. 1; and in Owens v. Haines, 199 Pa. 137, it was decided that the will of a woman was revoked pro tanto

under the Act of 1833 by the subsequent birth of issue. To this extent, the section now reported is merely declaratory of the existing law; but the commissioners in making its language general without distinction of sex also recommend for repeal section 16 of the Act of 1833 (April 8th, P. L. 249), which provides that a will executed by a single woman shall be deemed revoked by her subsequent marriage. This is in accord with the views of the commissioners as expressed in this new Wills Act, as well as in the new Intestate Act, that the property rights of husband and wife should be the same": Report of Commissioners, page 74.

It will be noted that section 21 does not provide for a revocation in its entirety of the will of the wife made before marriage. It does direct, in section 23, that the surviving spouse may elect to take against the will, and thus secure the interests in the real and personal estate of the deceased as if she had died intestate. This statutory regulation was intended to guard the rights of the survivor in case the decedent attempted to dispose of the estate in a manner which deprived him of the benefits secured by the intestate laws, and was enacted for the protection of his interests. If the devises and bequests under the will were greater than the portion awarded in case of intestacy, the statute did not require the husband to accept a less liberal provision than that made by the testatrix. In case the estate was left to others, the surviving spouse was given the right, by section 23, to take against the will, and thus protect his interests, but the written disposition executed prior to marriage was valid as to all the world except the survivor, and advantage could be taken by him of its terms, in the absence of after-born children.

The question here involved was carefully and elaborately considered by Judge PENROSE in the Orphans' Court of Philadelphia, in an opinion approved by this court (Fidelity Trust Co.'s App., 121 Pa. 1), wherein it was held that the widow was entitled to the benefits un-

der the will of the husband made prior to marriage, there being no after-born children, when she had not evidenced, in the way provided by law, a purpose to take under the intestate laws. Since that decision, based upon the Act of 1833, the same rule has been extended by statute for the husband's security, as already noted, where the instrument in question is executed by a single woman, who subsequently becomes the wife, as here. A repetition of the argument then made, and the authorities cited, would serve no good purpose. This conclusion is subject to exception where the property is held in trust for the sole and separate use of the one married, in which case the estate so possessed could pass only by her appointment (Wills Act, section 23), properly exercised: Neill's Est., 222 Pa. 142. We do not mean to say that the husband could not elect to take against the will if he saw fit, as in Shestack's Est., 267 Pa. 115, but we decide that the will is in full force and effect if he elects to take thereunder, though the same was executed prior to marriage.

In reaching this conclusion it should be noted that the statute does not contemplate that the will of the woman subsequently married shall be revoked absolutely, but only pro tanto as regards the husband, or afterborn children. The provision was plainly inserted for the benefit of the survivor, and is not to be so construed as to deprive him of benefits conferred, unless he so elects. In the present case, he has asked for an award as the will directs, and the orphans' court correctly directed the net balance of the estate be given to him.

The decree is affirmed and the appeal dismissed at the costs of appellant.