## McNaughton's Estate.

*William J. Eberly*, for petitioner.

APPEL, P. J., May 8, 1930.—This is a rule to show cause why the adjudication filed in the above estate should not be opened for the purpose of presenting a claim of Dr. G. B. Weaver for $107 for medical services rendered the decedent. In effect it is a petition of review.

James McNaughton died testate July 2, 1926. He gave all his estate to his widow, Laura McNaughton, and named her executrix. Her account was adjudicated May 12, 1927. No exceptions being filed, it became absolutely confirmed. Laura McNaughton (later intermarried with Charles W. Lintner) died May 28, 1927, leaving a last will, in which she gave all her estate to the said Charles W. Lintner and made him executor. His account was adjudicated May 10, 1928. On exceptions, a definitive decree was filed Oct. 15, 1928. On appeal to the Supreme Court on a point foreign to the present issue, the lower court was affirmed July 1, 1929 [297 Pa. 428].

A mere recital of the docket entries in this estate would seem to be a sufficient answer to petitioner's application. As indicated in his petition, there was a credit taken in the account of Laura McNaughton, executrix of James McNaughton, deceased, for $107 paid G. B. Weaver, M. D., Feb. 15, 1927.

This, it seems, was never paid. Petitioner trusted the executrix to pay him and thus permitted the adjudication to become absolutely confirmed. He could have protected himself by filing exceptions to the item in the account. This he failed to do. He not only permitted the adjudication to become confirmed and the money paid out in this estate, but he permitted the final settlement of the estate of Laura McNaughton (Lintner), deceased, who was executrix of the decedent and liable to the petitioner for the payment of his claim, the same being a credit in her account. As it is, her estate has been finally adjudicated and distributed. It is clear petitioner has lost his claim through his own neglect. As both estates have been distributed, it would be inequitable and unjust to open the adjudication in this case. As said in the very recent case of Wallace's Estate, 299 Pa. 333: "The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the party delaying is chargeable with want of due diligence in failing to institute or prosecute his proceeding." In the instant case petitioner relied on the vain promise of the executrix to pay him, and slept on his rights. It is now too late to help him.

Section 48 of the Fiduciaries Act of 1917 does not apply because the balance in the account in this estate has actually been paid and discharged by the executrix.

The petition is dismissed, at the cost of the petitioner.

From George Ross Eshleman, Lancaster, Pa.