## Cooch's Estate

P. H. Burke and M. M. Burke, for petitioner; C. E. Berger, for respondent.

GANGLOFF, P. J., July 25, 1932.—On January 4, 1932, the Miners Banking Trust Company, of Shenandoah, Pa., guardian of Francis L. Cooch, Jr., minor

son of Francis L. Cooch, deceased, late of Pottsville, Schuylkill County, Pa., filed its petition for a citation to show cause why an inquest in partition should not be awarded of certain real estate in the petition described. The citation was awarded on the same day, and on February 1, 1932, the answer of Thomas M. Cooch, another son of decedent, and the Union Bank and Trust Company, trustee under the will of decedent, was filed, denying the right of petitioner to have partition as prayed for. The grounds upon which this denial is based will be referred to later.

It appears that Francis L. Cooch, Sr., died on or about October 4, 1928, seized in fee simple of the real estate in question, having first made his last will and testament, which has been duly probated. Decedent left surviving him a widow and two children, one of the latter being Francis L. Cooch, Jr., the ward above referred to. This minor son was born after the date of execution of his father's will, and the will does not provide for this after-born child. In prior proceedings had in this estate, the interest of this minor child in the estate was fixed by decree of this court, made under date of July 28, 1930, as follows:

"Francis L. Cooch, although he died testate, did not provide for his after-born child; therefore, the interest of the after-born child is determined as if he died intestate leaving a widow and two children to survive him, which establishes the interest of the unborn child, as above stated, to be one-third of the estate."

Decedent in his will gave the real estate described in the petition to his son, Thomas M. Cooch, for and during his natural life, and imposed upon him the duty to keep the properties in good repair, pay all taxes, necessary expenses and two-thirds of the premiums for insurance (the balance to be paid by the trustee appointed in the will). Upon the decease of the life tenant, this real estate is to pass under the will to a trustee for the purposes in the will set forth.

The answer of Thomas L. Cooch denies the right to partition, as already stated, and this denial is laid upon two grounds, first, that the one-third interest of the after-born child in the real estate is subject, in so far as its enjoyment is concerned, to the life estate of the said Thomas M. Cooch; second, that the net balance for distribution arising from the sale of other real estate of the decedent, amounting to $19,435, may be so marshaled and distributed on the audit of the second account (not yet audited) of the executor as to enable the present enjoyment of the full estate to which he is entitled under the intestate laws and without prejudicing in any manner or degree the right of Thomas M. Cooch in the full enjoyment of the life estate created for him in the will.

As to the first ground above stated, if this is true, then partition will not lie, for the Orphans' Court Partition Act of June 7, 1917, P. L. 337, plainly provides, in section one, that jurisdiction does not exist during the continuance of any life estate in the whole of such real estate.

It already has been decided in this case that Francis L. Cooch, Jr., the petitioner, is entitled to one-third of his father's estate. This is no longer disputed. However, the question arises as to whether or not this one-third interest vests in this after-born child as to each specific piece of real estate or whether this one-third interest is merely such an interest as may be satisfied out of the estate as a whole through marshaling, as alleged in the answer. As to the latter proposal, it is proper to state here that in the absence of an appropriate agreement joined in by all parties in interest, rather serious difficulties would arise in determining the actual value of the real estate in question.

The will of Francis L. Cooch is not revoked in toto by reason of the birth of Francis L. Cooch, Jr., after the date of the will; the will remains in force only to the extent that the provisions thereof do not conflict with the interest of the

after-born child. Stated another way, the will of Francis L. Cooch is revoked only pro tanto as regards the after-born child: Owens *v.* Haines, 199 Pa. 137; Lintner's Estate, 297 Pa. 428.

The Wills Act of June 7, 1917, P. L. 403, Sec. 21, provides that such after-born child, not provided for in the will, "shall be entitled to such purparts, shares, and dividends of the estate, *real* and personal, of the deceased, as if such person had actually died without any will." This language is clear and definite, and this after-born child, Francis L. Cooch, Jr., is entitled to the same interest in the real estate of which his father died seized as if he had actually died without a will. In other words, there is an actual intestacy as to this after-born child, and the child, therefore, is entitled to such interest in the real and personal estate as our Intestate Act gives him where there are a widow and two children surviving: Robeno et al. *v.* Marlatt et al., 136 Pa. 35; Riddle's Estate, 14 Phila. 327; Shestack's Estate, 267 Pa. 115; Shoch's Estate (No. 1), 271 Pa. 158.

Approaching the question, therefore, from the standpoint of an actual intestacy, the conclusion appears to be inevitable that the after-born child, under such facts and circumstances as here exist, would be entitled to an undivided one-third interest in each specific piece of real estate.

However, it is contended that this interest is in effect an estate in remainder, subject to the life estate given by the will to Thomas M. Cooch. If this contention were true, would we not be denying the after-born son that interest in this real estate which the act declares he is entitled to? Thus, it has been held that, since a direction to sell land is inoperative as to an after-born child not provided for, an application to permit an election to take his share as realty is improvident; he already holds it as such: Riddle's Estate, supra.

It is true that a power of sale for the payment of debts will not be disturbed in cases of after-born children not provided for in the will, but this is plainly upon the ground that such a provision will not affect the quantity of the child's interest: Edwards's Appeal, 47 Pa. 144. In the matter under consideration, the life estate given by the will to Thomas M. Cooch, if permitted to stand as given, would materially affect the quantity of the after-born child's share. Possession, at least, would be denied him during the life tenancy, and, besides, there would be no return by way of income on the minor's share during the existence of the life estate.

In Blackham's Estate, 74 Pitts. L. J. 89, the testator by his will created a life estate for his wife. He had an after-born child. The court held that the life estate was not affected and remained in force. However, in this case (and there are others involving the same principle), the will itself contains language and words such as the all-inclusive word "children," which can be interpreted to include after-born children. In the Cooch will we find nothing which could bring it under this line of cases. Upon the decease of the life tenant, the corpus of the estate is placed in trust for the purposes in the will set forth. The purposes of this trust are clear and explicit, and nowhere does it appear that the testator had in mind after-born children. The language used cannot, by any stretch of the imagination, be interpreted to include after-born children. So that the remainder over in no way either includes or eliminates after-born children.

It naturally follows that, in view of the fact that this after-born child takes his undivided interest in the real estate under the intestate laws, in no way affected by the provisions of the will, the undivided interest in this real estate could not be released or discharged by awarding to him out of funds of the estate realized from the sale of other real estate an amount sufficient to cover the value of the one-third interest in the real estate in question. Such an award, per se,

certainly would not pass the title to the one-third interest. This disposes of the second ground advanced in the answer.

### Conclusions of law

1. Upon the decease of Francis L. Cooch, Sr., there vested in Francis L. Cooch, Jr., an undivided one-third interest in each specific piece of real estate of which his father died seized.

2. The said undivided one-third interest of Francis L. Cooch, Jr., in the real estate of Francis L. Cooch, Sr., deceased, is not subject, in so far as its present enjoyment is concerned, to the life estate of Thomas M. Cooch.

3. The undivided one-third interest of Francis L. Cooch, Jr., in the real estate in question, having vested in him under the intestate laws, cannot be released or discharged through decree of this court by marshaling and distributing the funds realized from the sale of other real estate.

4. Partition will lie.

### Decree

And now, July 25, 1932, due proof of service of citation having been made, an inquest to make partition of the real estate of Francis L. Cooch, deceased, in the petition described, among the parties in accordance with their respective interests is awarded, return of the proceedings to be made to the court.