## DeSolms Estate

*C. Howard Harry, Jr.*, for accountant.

TAXIS, P. J., July 9, 1956.—The first and final account of Laura G. Yocum, executrix, was examined and audited by the court on June 4, 1956.

Decedent died on May 14, 1955, leaving a last will and testament bearing date July 21, 1925, duly probated on May 28, 1955, on which present letters were granted to the accountant.

Decedent's husband predeceased her. She was survived by issue, three adult children, namely, Sidney H. deSolms, Blance M. Freedman and Laura G. Yocum, and by an adopted child, Kathryn Blanche Haney, now, by marriage, Kathryn Scannapieco. All of said persons are still living.

The will reads as follows:

### "LAST WILL AND TESTAMENT
of
### BLANCHE J. deSOLMS

"I, BLANCHE J. deSOLMS, of 617 Corson Street, Borough of Norristown, County of Montgomery, State of Pennsylvania, widow of George B. deSolms, hereby give one dollar to my son, Sidney, as he has had his share while I was living.

"If Catherine Blanche Haney survives, she is to receive one hundred dollars, to be put on a good investment for her interest until she reaches the age of twenty-one.

"I hereby give all the rest and residue of my property, both real estate and personal and all money in trust to be divided among my two daughters; one-third to my daughter, Blanche M., wife of Arnold M. Freedman and two-thirds to my daughter, Laura Gertrude.

"If anyone of the heirs die in the meantime, my will is to be divided equally among my girls.

"It is also my desire to have Mrs. Jane Gouldy and my daughter, Laura Gertrude, named as executrixes.

"Signed and witnessed in the presence of each other, this twenty-first day of July A. D., nineteen hundred and twenty-five.

"Blanche J. deSolms

WITNESSES
Robert Morgan
F. O. Beideman
Arnold M. Freedman."

Kathryn Blanche Haney, or Blanche Kathryn Haney, now Kathryn Scannapieco, who was given a legacy of $100, was adopted by testatrix on April 26, 1934, after the date of the execution of the will, and the question therefore arises whether she is entitled to a child's share in the estate under the provisions of

sec. 7(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7, which share would be one fourth of the balance for distribution, and the two natural daughters, who were bequeathed the residue in the proportions of one third and two thirds, respectively, would receive one third and two thirds of three fourths of the residue, or one fourth and one half of the residue, respectively. Testator's son was bequeathed a legacy of $1 as his entire share. Section 7(4) of the Wills Act above referred to, reads as follows:

"If the testator fails to provide in his will for his child born or adopted after making his will, unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse."

Inasmuch as the will bequeathed the subsequently adopted daughter a legacy of $100, testatrix did not fail to provide for her in the will. Therefore, she is not entitled to a child's intestate share. The will is not revoked as to her by reason of her subsequent adoption, and she is entitled to the legacy: Lintner's Estate, 41 Lanc. 150, affirmed 297 Pa. 428.

The account shows a balance for distribution of $2,501.21, of which there is awarded to Sidney H. deSolms legacy of $1, and to Kathryn Scannapieco legacy of $100, and the residue is awarded one third to Blanche M. Freedman and two thirds to Laura G. Yocum.

The transfer inheritance tax has been paid.

The account is confirmed, and it is ordered and decreed that Laura G. Yocum, executrix, as aforesaid, forthwith pay the distributions herein awarded.

And now, July 9, 1956, this adjudication is confirmed nisi.